## CRIPPEN vs. HEERMANCE.

Where the purchaser of land, under a contract payable by instalments, had paid the principal part of the purchase money, but being unable to pay a portion of the last instalment, which had become due, applied to the vendor for an extension of the time of payment a few months, which the latter refused unless the purchaser would consent to re-purchase the land and pay therefor $300, in addition to the $710 due upon the contract, and the vendor thereupon gave a deed for the land and took back a bond and mortgage for the whole amount due, including the $300 and interest; *Held*, that the pretended re-sale was a mere cover for obtaining more than legal interest for the forbearance of payment of the $710, and that the bond and mortgage were, therefore, usurious and void. *Held* also, that the bond and mortgage being void for usury, the original debt was not merged therein, but remained an equitable lien upon the land, as a part of the purchase money due upon the first contract.

Parties may so frame a contract for the sale of land as to make the time of payment a material part of the agreement. And where, from the terms of the contract, it appears that the parties thereto intended that the purchaser should not have the land unless the purchase money was actually paid at the day specified in such contract, if the money is not paid a court of chancery will not decree the performance of the contract.

Whether in cases where the time of payment of the purchase money is made an essential part of a contract for the sale of land, a court of equity will permit the vendor to enforce a forfeiture of the part of the purchase money which has actually been paid, if the vendee neglects to pay the residue at the day agreed upon by the parties, by retaining both the land and the money paid therefor; *Quære ?*

Where both parties to a suit in chancery claimed what they were not entitled to, and each had succeeded as to a part of the matters in litigation between them ; *Held*, that neither was entitled to costs as against the other.

THIS was an appeal from a decree of the vice chancellor of the eighth circuit. The bill was filed to foreclose a mortgage, and the defendant set up the defence of usury. The facts of the case, as they appeared from the pleadings and proofs, were substantially as follows: In the spring

of 1836, the complainant and his brother, being the owners of a farm in the town of Penfield, contracted to sell the same to the defendant, for $2400. One fourth of the purchase money was paid at the time of the execution of the contract, and the residue, with interest, was to be paid in the month of October thereafter; upon payment of which the defendant was to have a deed of the farm. When this last payment became due, the purchaser could not obtain the money to pay it, and the time of payment was extended by agreement of the parties, until April, 1837; in consideration of which extension the defendant paid the vendors fifty dollars for their supposed damage in not receiving their money when it became due. On the 10th of April the defendant paid the further sum of $600 towards the purchase money of the farm, and got a further extension of the time, to pay the residue, until the 24th of the same month. He, at that time, made another payment of $600; leaving due upon the contract, for principal and interest, about $710. It was then agreed that a deed of the farm should be made by the vendors and left in the hands of a third person, to be delivered to the defendant upon the payment, by him, of the residue of the purchase money; which he was to pay in the course of a few days. The defendant finding he could not make such payment at the time fixed upon for that purpose, entered into a negotiation with the complainant to postpone the payment until the first of September; which the latter agreed to do for the additional sum of $300. The complainant thereupon settled with his brother for his interest in the contract; and delivered the deed to the defendant, and took from him a bond and mortgage for the balance of the purchase money and interest, and including the additional sum of $300. In the course of this negotiation the complainant declined extending the time unless the defendant would agree to buy the farm again, and give this further sum therefor. And upon the ground that the complainant supposed he had a right to do so, the vice chancellor decided the bond and mortgage were not usurious; and decreed a foreclosure

and sale of the premises for the whole amount of the bond and mortgage, and the costs of the suit.

*Ira Bellows*, for the appellant.

*O. Hastings*, for the respondent.

THE CHANCELLOR. I think the vice chancellor erred in supposing the $300 included in the bond and mortgage in this case was not in fact an usurious premium, for the forbearance of the payment of the $710, for the term of four months, in addition to the legal interest. Although the parties agreed to call the transaction a resale of the farm, it is evident that it was a mere device to evade the usury law; by calling that a resale which was in fact an agreement for the forbearance of payment for four months, at the enormous rate of interest of more than one hundred and twenty per cent per annum. The evidence of Isaac Crippen, as well as that of Cherry, clearly shows that the defendant applied for an extension of the credit, or the forbearance of the payment of the balance due, for a few months. The answer of the complainant, that he could not *fix it so* as to wait on him the desired time without making a new sale of the land, shows that a nominal resale was considered necessary to clothe the transaction in a legal garb; instead of permitting it to appear in the form of a mere naked agreement to pay the $300, with interest thereon, as a usurious premium for the forbearance of the balance then due. The statute against usury, however, reaches indirect as well as direct agreements to obtain more than seven per cent for the loan or forbearance of money. And that statute would be worse than useless if the very thin covering, which was attempted to be put upon this transaction, was sufficient to conceal the real features of the agreement from the searching eye of a court of justice.

Parties may so frame a contract of sale as to make time a material part of the agreement. And where, from the terms of the contract, it is evident that the parties intended

the purchaser should not have the land contracted for unless the purchase money was actually paid at the day specified in the contract, a court of equity will not enforce the performance of a different agreement, which neither of the parties ever intended to make. But it cannot be considered as settled law, even in cases of that kind, that where three-fourths of the purchase money has been paid, as in this case, the court of chancery will permit the vendor to enforce the forfeiture, for the non-payment of the residue at the precise day agreed upon ; and thus to retain both the money and the land, where it would be unconscientious for him to do so. (*See Wells* v. *Smith*, 7 *Paige's Rep.* 22. *Harris* v. *Troup and others*, 8 *Idem*, 423.) In the present case, however, no such question can arise; as there was nothing in the terms of the contract making the punctual payment of the money at the day an essential part of the agreement. In equity, therefore, the farm was the property of the defendant ; and the complainant merely held the legal title as security for the payment of the balance of the purchase money which remained unpaid. The agreement then to *fix it so* as to obtain the additional sum of $300 beyond the legal interest, for the forbearance of the payment of that balance for the term of four months, by reselling the farm at $1010, with interest thereon, was usurious ; and the bond and mortgage taken in pursuance of that agreement were illegal and void.

The balance of the original purchase money, with interest, however, was a lien upon the farm, and still remained due ; although that lien would have been merged in the bond and mortgage if the subsequent agreement had been valid. (*Williams* v. *Allen*, 7 *Cowen*, 316. *Hughes* v. *Wheeler*, 8 *Idem*, 77.) And the complainant having purchased his brother's interest in the original contract he is, in this court, entitled to recover that balance in his own name. He has, therefore, a right to a decree for the payment of the $710,18, and interest from the 4th of May,

1837 ; and if the same is not paid, to have the premises sold to satisfy the debt.

The decree appealed from must be reversed without costs to either party on the appeal. And a decree must be entered directing the defendant to pay the balance due on the original agreement, with interest as aforesaid, within thirty days; or in default of such payment, that the premises be sold, by a master, to satisfy such balance, upon the usual notice as in mortgage cases ; and directing a delivery of possession to the purchaser at the master's sale, &c.

If the complainant had only claimed the balance of the original purchase money and interest, I should have charged the costs of the suit upon the defendant, who had neither paid, nor offered to pay, what was legally and equitably due. But as a claim is made by the bill for the usurious premium also, and upon a statement which made it necessary for the defendant to put in an answer and go into proof of the facts, both parties are in the wrong ; the complainant in claiming the usurious premium agreed to be paid for the forbearance of the purchase money, and the defendant in resisting payment of what was really due. Neither party, therefore, is entitled to the costs of the litigation thus far, as against the other. But if the $710, and interest, is not paid within thirty days after service of a copy of the decree upon the defendant, or his solicitor, the costs of enrolling the decree, and of all subsequent proceedings thereon, must be paid by the master out of the proceeds of the sale. Upon the payment of the amount due, either by the defendant or by a sale of the premises, the usurious bond and mortgage must be delivered up and cancelled on the record, by the complainant.

No question was raised by the answer as to the payment of the $50 in the fall of 1836 ; the question, therefore, does not properly arise here whether that sum also was not received as an usurious premium for the forbearance of payment until the next spring. For that reason no deduc-

tion is made of that $50, from the amount which the answer admits to have been due upon the contract at the time of giving the bond and mortgage.