MARY A. GREEN, Appellant, *vs.* WASHINGTON DIXON, WM. WESTCOTT, and E. F. RING.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard August 5.]                                   [Decided November 22, 1859.

*Mortgage—Foreclosure—Redemption—Married Women.*

D. sold land to R., who executed a mortgage for the purchase money, and then sold one-half of the land to G., and the other half to her husband; afterwards D. foreclosed the mortgage without making G. a party to the foreclosure suit, and bid in the whole land at the sale; held that G. has a right to redeem the half deeded to her.

The case of *Hodson vs. Treat,* 7 Wis., 263, considered and approved.

Green vs. Dixon et al.

A party having a deed from the mortgagor to land, and who before suit for foreclosure is commenced against the mortgagor, put the deed on record, and informed the attorney of the mortgagee of his interest in the land, and sought to procure a release of it from the mortgage, if he were then not made a party to the foreclosure suit, has given all the notice of his right to the land which the law requires, and is not estopped to redeem after foreclosure and sale.

It can make no difference in the right of the wife to redeem land deeded to her, that the consideration was paid by her husband, and that he had been made a party to a suit of foreclosure against the grantor as mortgagor, and himself as subsequent incumbrancer; the party foreclosing is not in a condition to question the right of the wife to the fee.

The rule that a mortgage must be entire, and cannot be severed for that reason, cannot be applied after a sale on foreclosure which has vested a perfect legal title as to part of the mortgaged premises in the purchaser, leaving another part still subject to the equity of redemption.

The rule that the mortgage is an entire debt secured upon the whole property, and therefore the mortgagee shall not be compelled to divide his debt and security into portions, does not exist after the mortgage has been foreclosed and the property sold, without having made all who were interested in the land parties to the suit.

Where a suit to foreclose a mortgage covering two tracts or parcels of land is brought without making the owner of one of the tracts a party; and the sale is for the amount of the debt, though the mortgaged debt is extinguished, yet the sale stands as an equitable mortgage against the lands owned by the person not made a party; and the purchaser can compel contribution from the owner of the land, or the owner may redeem by paying such proportion of the mortgage debt as the value of the land bears to the entire mortgaged premises.

The rights and interests of persons who are not made parties to a suit of foreclosure, remain unchanged, though the proceedings are effectual, as far as the rights and interests of parties to the suit are concerned.

The owner of land encumbered by a mortgage, who is not made a party to the foreclosure suit, has a right to redeem the same, after a sale under a foreclosure has taken place.

The purchaser at a foreclosure sale of lands, to a part of which another person has a right of redemption, though he has extinguished the mortgage, can compel the owner of that part to which there is a right of redemption to pay the just proportion of the mortgage money.

Where a party entered upon premises purchased at a foreclosure sale, and without notice of an equity of redemption, makes valuable improvements and pays taxes thereon, he is entitled to be paid for the same, from the party seeking to redeem from the mortgage.

Green vs. Dixon et al.

If a party in possession of lands, who has only the rights of a mortgagee in possession, make valuable improvements thereon, he is entitled to be paid for them, if they were made under the belief that he had the absolute title.

The facts in this case may be readily gathered from the opinion of the court, and they will not be here stated. On the final hearing before the circuit court the bill of complaint was dismissed; from which this appeal is taken.

*Cutler & Ford,* for the appellant.

*Abbott & Clark,* for the respondent, Dixon.

*S. U. Pinney,* for the respondent, Westcott.

*By the Court,* PAINE J.    There are two questions in this case; *first,* whether the complainant has a right to redeem; and, *second,* if so, upon what terms.

The facts bearing upon the first question are these: The defendant, Dixon, was originally the owner of the two eighty acre tracts of land, mentioned in the complaint, and sold them to the defendant Ring, taking back a mortgage for the purchase money, which was recorded on the 7th of June, 1848.    The east half of the quarter section was conveyed by Ring and wife to the complainant, by a quitclaim deed, dated November 27, 1850, which was recorded on the 11th day of January, A. D., 1853; and the other eighty was conveyed to Asher G. Green, her husband, in October, 1852; a bill was filed by Dixon to foreclose the mortgage, but the plaintiff, who resided upon the land at the time, her husband being in California, was not made a party.    A decree for sale was made in October, 1853, and both eighties were sold in February, 1854, to Dixon, the mortgagee, for six hundred dollars, who afterward conveyed them, by warranty deed to the defendant Westcott.    Upon this state of facts we have no hesitation in saying, that the plaintiff has a right to redeem.

Green vs. Dixon et al.

The equity of redemption was conveyed to her by the deed from Ring and wife, and it has never been foreclosed.

The fact that her deed was not on record at the time the foreclosure suit was commenced, does not have the effect to subject her to the decree, as though she had been made a party; or as though she had purchased the premises *pendente lite*. This point was decided by this court in the case of *Hodson vs. Treat*, not yet reported. [7 Wis., 263.] It was then held that one having received a deed of lands subject to a mortgage, before a foreclosure suit, and who was not made a party to such suit, might redeem the premises after a sale therein, even though his deed had not been on record at all, he having, however, given actual notice of his right at the time of the sale. In this case the plaintiff's deed was on record more than a year before the sale, which is equivalent to actual notice, so far as the preservation of her right to redeem is concerned.

It was urged on the argument that she was estopped, upon the principle that where one having an interest in property stands by and sees another purchase it, supposing that he is getting a good title, without mentioning his right, he shall be estopped from afterwards asserting it. But the evidence shows no such case of estoppel here. The plaintiff, after the foreclosure suit was commenced, placed her deed on record. She also, through her friends, informed the counsel for the mortgagee, of her right, and attempted to procure the release of the east half of the quarter section. Beyond this there is no evidence of her doing any thing previous to the sale, except to suffer the proceedings to go on, which she could not very well help. Her deed was on record, which was notice, and she conveyed actual notice to Dixon's agent and attorney. But instead of making her a party, Dixon proceeded with his foreclosure, and purchased the property. The party purchasing was here charged with double notice, and it would

seem very difficult to bring it within the rule which applies only to one purchasing without any notice at all. Certainly after what she had done, the woman was not bound to go and attend the sale, and again warn Dixon, or his agents, of her right.

It was also claimed on the argument, that the evidence showed that the entire consideration on the purchase from Ring, was paid by the plaintiff's husband. But even if it was, we think it makes no difference, as parties foreclosing a prior mortgage are not in any situation to question her right on that account.

The remaining question is upon what terms shall the plaintiff be permitted to redeem? And *first*, can she redeem the east half, which was a part only of the mortgaged premises? It was said on the argument that she could not, and that the rule is that a mortgage must be redeemed entire, and cannot be severed for that purpose. The rule is, undoubtedly, thus stated in many authorities, though it has sometimes been questioned, as in *Dexter vs. Arnold*, 1st Sumner, 119, where Justice Story declared that it "had neither reason nor policy to support it." But without entering into any examination of the merits of the rule, or the weight of authority upon which it rests; we think it does not apply, and cannot be applied, after a sale on foreclosure, which has vested a perfect legal title, as to part of the premises in the purchaser, leaving another part still subject to the equity of redemption.

And nearly all the cases where the rule is asserted, are such as relate to mortgages still subsisting entire, and where there is still a right of redemption of the whole. There it is said that the mortgagee, having an entire debt secured on the whole property, shall not be compelled to divide his debt and his security. But that reason no longer exists where the mortgagee has foreclosed and sold the property and pur-

Green vs. Dixon et al.

chased at the sale, not having made all, parties, who were interested in the land. There he has himself voluntarily severed his right, and changed his interest in the land, so that he has an absolute indefeasible title to a part of it, but a defeasible title to the balance. If the rule exists at all in such a case, it applies as well where other persons purchase at the sale, as where the mortgagee purchases.

Suppose, then, ten lots to be mortgaged by one instrument, and after the mortgage, they are sold subject to it to ten different purchasers. Suppose it to be, then, foreclosed, and all these purchasers made parties except one; and at the foreclosure sale they are sold to ten other purchasers. When the one who was not foreclosed comes to redeem, how would this rule be applied? Would it divest the rights of the purchasers who had acquired the equity of redemption of all the owners of their respective lots? This would seem impossible. If it was so, a person having an equity of redemption in the smallest portion of mortgaged premises, would have an equity of redemption in the whole. For if he must redeem the whole, in such case it would seem that he could do it only for his own benefit. All the rights of the other owners were cut off by the foreclosure. And if he redeems he must acquire the interest held by the purchaser. Either this must be the result, which would often work enormous injustice, or else it must be held that one person's having a right to redeem, in consequence of being interested in a part of the premises, sets aside all the proceedings on the foreclosure, revives the rights which had been foreclosed, and leaves them all to be adjusted as though no foreclosure had been had. And this would throw courts and parties back upon the early equity rule, that all persons interested in the suit, must be made parties before a decree could be made. The modern rule is, that if not made parties, their rights remain unchanged; but that the proceedings are effectual as

far as the rights and interests of those made parties are concerned. For if one not foreclosed, coming to redeem a part of the premises after sale, must redeem the whole, it would seem that the effect of the foreclosure suit would be to transfer to the one not foreclosed the rights of redemption of those who foreclosed, or that it would have no effect at all; because one having a right of redemption as to part, it necessarily kept alive the right of redemption as to the whole.

From these and other difficulties, which, it seems to us, must grow out of an attempt to apply the rule in question to cases where foreclosures and sales have taken place, we have come to the conclusion that it does not apply. And the only case we have been able to find which is nearly in point, sustains this view, and establishes the distinction upon which we proceed; that is the case of *Tillinghast vs. Fry,* 1 Rhode Island Rep., 53. Where one of two parties interested in mortgaged premises having redeemed the whole mortgage, the other was allowed to redeem his portion from the first, on paying his equitable proportion of the mortgage money. It was placed upon the ground that the first party, by redeeming the whole mortgage, had extinguished it as a legal mortgage, leaving him an equitable mortgage only, for the purpose of compelling that portion of the land which he did not own, to pay its just proportion. And the court held, that the rule that the entire legal mortgage must be redeemed, did not apply in such a case. And we think their reasoning strictly applicable to a case where there has been a foreclosure and sale, vesting in the purchaser the absolute title to a portion of the premises, and a title to the rest subject to redemption.

The mortgagee, in such case, may have received his money so that the legal mortgage is extinguished. The purchaser, like the party redeeming, in the case just cited, has acquired the absolute title to a part, and has an equitable mortgage to compel that part to which there is an outstanding equity of

Green vs. Dixon et al.

redemption to pay its just proportion of the mortgage money. And it can make no difference whether the mortgagee purchases or another. If the mortgagee purchases, he stands then in the light of a purchaser. He has extinguished his legal mortgage by the foreclosure and sale, and ought then to stand in the same position as any other person who had paid it; that is, with an equitable mortgage upon such parts of the property as he was not otherwise interested in, to compel contribution. This seems to be the only rule consistent with the preservation of the right of redemption in those not foreclosed, and with giving effect to the foreclosure proceedings so far as respects the rights of those made parties.

We think, therefore, the rule allowing the owner of a part to redeem, on paying its just proportion, is more equitable and certain, and less liable to difficulty and confusion, than the one of holding that the entire property must be redeemed. And shall hold that the complainant was entitled to redeem the east half of the quarter section, upon paying such proportion of the mortgage debt as the value of the said east half at the time of the sale, was of the entire mortgaged premises.

The only other question is whether the defendant Westcott is entitled to be paid the value of his improvements. And upon this point, we think, the policy of the law is established by the provisions of chap. 141, R. S., 1858, in relation to "Judgments on real estate." This gives to any person whose title is questioned, in an action at law, the value of permanent improvements made in good faith, where the party making them claimed title through a sale by any officer, &c. And this is substantially the rule established in equity. But a mortgagee in possession, knowing that such is his only right, is not within the rule. But where one in possession really has only the rights of a mortgagee in possession, but believes himself to have an absolute title, and in good faith makes valuable improvements, he is entitled to be paid for them. This

is the doctrine of *Mickles vs. Dillage*, 17th N. Y. Rep., 80, which is a case very similar in principle to this. For we think it appears here that the defendant, Westcott, had no actual notice of the plaintiff's rights, but bought the property, and made the improvements in good faith. And though we hold the plaintiff's deed on record to be sufficient notice to enable her to redeem, yet we think it would be a harsh rule to hold it sufficient to deprive a party of the value of improvements made in good faith, without any other than such constructive notice.

We think, therefore, that the plaintiff is entitled to redeem her part of the land, on paying its just share of the mortgage debt and interest, and the value of such permanent beneficial improvements as Westcott has, in good faith, made on her share, and the taxes which he has paid thereon, deducting the value of the rents and profits, independent of the improvements.

As the evidence presented may not have been taken with a view to these questions as fully as might be desirable, we shall reverse the judgment, and remand the case to the circuit court for further proceedings, in accordance with this opinion.