## GREEN vs. WESCOTT.

On an accounting by a mortgagee in possession, in an action to redeem, where the annual rents exceed the annual interest on the mortgage debt, annual rests should be made, and interest allowed to the mortgagor on the *surplus*.

Where both parties have claimed too much, a court of equity will sometimes allow costs to neither.

APPEAL from the Circuit Court for *Dodge* County.

This was an action to redeem mortgaged premises in the possession of the mortgagee. Upon the second trial (after the decision of this court upon the first appeal, 9 Wis., 532), the circuit court adjudged that the complainant, *Mary A. Green*, be permitted to redeem the premises upon paying within six months, to the defendant *Wescott*, $606 17, for the plaintiff's proportion of the mortgage debt, $142 50 for taxes paid on said premises, and interest on the same, and the value of the permanent and beneficial improvements made

on said premises by said defendant, deducting from the amount of said sums $953 09, the value of the rents and profits of said premises, and deducting also $351 03, the costs of this suit, leaving a balance of $344 55, with interest from the date of the decree. From this decree the defendant *Wescott* appealed.

*S. U. Pinney*, for appellant.

*Cutler & Harris*, for respondent.

*By the Court*, PAINE, J. Since our former decision in this case, 9 Wis., 532, sustaining the right of the respondent to redeem, and of the appellant to pay for his improvements, a reference has been had to take an account, and to determine the value of the improvements. Much evidence was taken, and a report made by the referee, upon which judgment was entered, which is again brought here by appeal.

May 15.

It is claimed by the appellant's counsel, that the report of the referee was erroneous in not adding $100 with interest to the amount due on the mortgage. We are inclined to think this objection is correct. The mistake arose from applying on the last notes, certain payments which must have been made upon the first. The mortgage was given to secure eight notes, the first two for $50 each, one payable in one year, and the other in two years after their date. These two notes were not included in the foreclosure suit, because they had been paid. The notes and mortgage were given June 1st, 1848, and the receipts showing the payments, which were allowed by the referee on the last, are dated in 1849, 1850, and 1851. We think it more probable that $100 of the amounts mentioned in them went in payment of the first two notes, than that the entire amounts were advanced upon the last notes, none of which were due until the 1st of June, 1851. This conclusion also corresponds with the allegations, as to the amount of payments that had been made, in the complaint filed by the plaintiff to redeem. And we do not think it necessary for the appellant to have produced the first two notes. For, having been paid, the presumption is, that they were taken up, and were no longer in the possession of the mortgagee or of the appellant. Yet

January Term, their existence originally fully appears, and was not dis-
    1861.       puted.

GREEN            The appellant also objects to the finding of the referee as
  v.
WESCOTT.     to the value of the rents and profits.   Upon this question
the witnesses were numerous, and the testimony conflicting.
The finding might have been greater or less, and no appel-
late court, looking at the testimony simply as written upon
paper, without seeing the witnesses, could feel any degree of
certainty that they were right in disturbing it.   The same
remarks apply to the finding upon the value of the improve-
ments, and we are not inclined, upon the evidence, to dis-
turb the finding upon either point.

The appellant's counsel further objects, that the referee
was wrong in making annual rests, and allowing interest on
the amount of the rents and profits.   He contends that no
interest should be allowed on the rents and profits until the
entire mortgage debt was paid.   But such a rule would in
many cases be productive of gross injustice, and we do not
think it is the law.   Suppose a mortgage debt of $10,000,
and the mortgagee takes possession.   Suppose the rents and
profits each year to be enough to pay off all the interest
due, and $1,000 of the principal.   If no annual rests were
made, and no interest allowed on the rents, the mortgagee
could remain in possession ten years with the entire mort-
gage debt drawing interest all the time, when he had in fact
received $1,000 of the principal each year; so that during
the last year there would be only $1,000 unpaid.   The in-
justice of such a rule is apparent.   The true rule is, that
when the amount of the annual rents exceeeds the annual
interest on the mortgage, the mortgagor should be allowed
interest on the surplus, "to keep pace with the interest on
the debt."   *Gordon vs. Lewis et al.*, 2 Sum., 147; *Shephard
vs. Elliot*, 4 Mad., 254; *Gibson vs. Crehore*, 5 Pick., 160;
*Reed vs. Reed*, 10 id., 398.

The referee, in his report, stated the amount of the annual
rents, without interest, and also the amount of the interest
on each year's rent, leaving it to the court to determine
whether the interest should be allowed or not.   The court
allowed the interest on the whole amount of the annual

rents. This should not have been done, but the annual interest due on the mortgage should have been first deducted, and interest allowed only on the balance of each year's rent. As compound interest is not allowed on the mortgage debt, the mortgagor ought not to be allowed interest on so much of the annual rents as ought to be applied in paying the interest on the debt. So far as there is a surplus applicable to the principal, it ought to be allowed, because the principal continues to draw interest. And the fact that *Wescott* believed himself to have a good title, cannot affect this question. Being really .only a mortgagee in possession, he is liable to account, and must account, on the same principle as any other mortgagee, until the mortgage debt is paid. The fact that he believed he had title, is allowed all its legitimate effect, when it gives him the right to pay for his improvements.

When the case was here before, we allowed costs to the appellant at that time, who is now the respondent, because she was obliged to come here to maintain her right to redeem, which was resisted by *Wescott.* The amount of those costs taxed in her favor should be deducted from the amount required to be paid by her to redeem. But we do not think that *Wescott* should be charged with all the costs in the case. As a general rule, a mortgagor coming to redeem pays costs, though successful. *Brockway vs. Wells,* 1 Paige, 617. But we have come to the conclusion, inasmuch as *Wescott* resisted the plaintiff's right to redeem when she was entitled to that right, and as she resisted his right to pay for his improvements, to which he was entitled, that with the exception of those formerly allowed in this court to the plaintiff, costs should be allowed to neither party. This rule has been sometimes adopted where both parties have claimed too much. *Righter vs. Stall,* 3 Sandf. Ch., 608; *Cuppen vs. Heermance,* 9 Paige, 211; *Vechte vs. Brownell,* 8 id., 212.

It follows that the decree appealed from should be modified, by adding to the amount of the mortgage debt one hundred dollars, with interest from the time of the payment in 1850; by reducing the amount of the interest allowed on the annual rents to such sum as it would amount to, when

January Term, 1861.

computed on each year's rent, after first deducting therefrom the amount of the annual interest on the mortgage debt; also by reducing the amount of costs to be deducted from the sum to be paid by the plaintiff, to the amount formerly taxed in her favor on her appeal to this court, and providing that beyond that neither party should be entitled to costs. As it will require new computations and adjustments of the various items mentioned in the judgment, to accomplish this result, we shall leave that to be done after the cause is remanded.

The judgment is modified as above stated, and the cause remanded that it may be enforced accordingly.