RICHARD BARNARD *vs.* WM. SAVIER AND GEO. W. BEISEL, Executors, &c., of GEO. DIXON, Deceased.

1. Although in Chancery the party who fails must, *prima facie*, pay costs, yet a very broad discretion belongs to the Court in regard to costs, and the right to them is not a necessary consequence of the relief prayed for and obtained ; and in many cases, equity grants the relief prayed for upon condition of paying costs, or in some cases without allowing costs to either party.

2. In some cases as of mortgages or other incumbrances having a specific lien upon property, where the owner comes to relieve the estate from the incumbrances which he put upon it or those under whom he claims, the person having that incumbrance is not to be put to expense with regard to that proceeding. and so long as he acts reasonably as mortgagee, to that extent he is to be indemnified.

3. But where the Court considers the mortgagee guilty of any misconduct, in regard to the suit or the subject of it, he will not be entitled to costs.

4. Executors, administrators, &c., instituting or defending suits against strangers to their trusts, in those capacities, are subject to the same rules as to costs, as they would be if they were suing or defending in their own rights.

*St. Joseph Circuit, May,* 1871.

This is a bill to have a certain mortgage decreed to be satisfied and discharged. The mortgage was originally given to George Dixon, more than twenty years before the filing of the bill, and the complainant claims to hold the land through a chain of title derived by subsequent conveyances from the mortgagor and his grantees.— The mortgage was duly recorded in the office of the Register of Deeds for St. Joseph County, but the mortgage itself, and the bond or note accompanying the same, complainant alleges is not to be found, and he claims that the mortgage is presumed to have been paid, and that the mortgage and note or bond accompanying the same has been lost or destroyed.

The executors in their answer deny all knowledge of any payment of the mortgage debt, and any knowledge of the mortgage itself, further than is shown by the record, and allege that they have searched the papers of the decedent, but cannot find the mortgage or any account whatever relating to the same, and are not willing to assume the responsibility of discharging the same, under the circumstances, as they might be held liable to the estate, and allege that from the correct business habits of the deceased, and their intimate knowledge of his business, as his counsellors and advisers in relation to his money matters in his life time, if the mortgage had been paid to him there would have been some note or memorandum of it on his books or among his papers, or they would have been likely to have known of it, or the deceased would probably have executed and delivered to the person paying the same, a discharge of the mortgage which had not been recorded by the party to whom he delivered it.

They admit that complainant had applied to them to discharge the mortgage, but that they had declined under the circumstances and for the reasons aforesaid to do so. No specific averment of payment of the mortgage by any one to the mortgagee was averred in the bill, but it appeared from the evidence that the grantor of the complainant within a year or two prior to the death of Dixon, had called upon him in regard to having him go to the Register's office and discharge it, and Dixon had told him that he would do so in a few days, but it was not convenient for him to do so then, and intimated that the mortgage was paid in full.

No allegation in regard to this interview was contained in the

bill.   On the hearing no serious objection was raised to having the mortgage decreed under the evidence to be satisfied and discharged, but each party claimed to be entitled to a decree against the other for costs, and this was the main question in dispute.

*H. H. Riley*, Solicitor for Complainant.

*Wm. Savier*, Solicitor for Defendants.

*By the Court*, UPSON, J.—Under our statute, as a general rule, where no special provision is made by law, in Chancery cases, the costs are to be paid by such party as the Court shall direct.   2 *Comp. Laws*, § 5596.   This discretion, of course, is to be exercised in accordance with the established rules and practice of courts of equity.   2 *Comp. Laws*, § 3475.

*Prima facie*, the party who fails must pay costs, and it depends on him to show the existence of circumstances in a sufficient degree to displace the *prima facie* claim of costs.   2 *Mad. Ch. Pr.*, 415; 2 *Daniell's Ch. Pr.*, 1461—2, (3d Ed.;) *Saunders vs. Frost*, 5 *Pick.*, 271—2; *Clark et. al. vs. Reed et. al.*, 11 *Id.*, 446—9.

But a very broad discretion belongs to the Court in regard to costs, and the right to costs is not a necessary consequence of the relief prayed for and obtained; there are many cases where equity grants the relief prayed for upon condition of paying costs.   5 *Pick.*, 271, 272; *Travis vs. Waters*, 12 *John's R.*, 507; *M. E. Church vs. Jaques*, 1 *J. C. R.*, 77.   Cases of this kind, however, are very limited.   2 *Daniell's Ch. Pr.*, 1462.

Where both parties are equally innocent and both are endeavoring to avoid a loss caused by another, costs will not be awarded to either party as against the other.   *Pendleton vs. Eaton*, 3 *J. Ch. R.*, 69.

So where both parties to a suit in Chancery, claimed what they were not entitled to, and each had succeeded as to a part of the matters in litigation between them, *Held*, that neither was entitled to costs against the other.   *Crippen vs. Hermance*, 9 *Paige*, 211; *Saunders vs. Frost*, 5 *Pick.*, 260—74.

Executors, administrators and trustees, instituting or defending suits against strangers to their trusts, in these capacities, are subject to the same rules as to costs as they would be if they were suing or

defending in their own right. 2 *Daniell's Ch. Pr.*, 1462, (3d *Ed.*)

But there are certain cases arising from the character sustained by the party, in which the Court generally gives the costs to that party whatever may be the result of the suit, and among these cases is that of a mortgagee or other incumbrancer having a specific lien upon property; the principle of the Court being that when the owner comes to deliver the estate from the incumbrance which he himself had put upon it, or those under whom he claims, the person having that pledge is not to be put to expense with regard to that proceeding, and so long as he acts reasonably as mortgagee to that extent he ought to be indemnified. 2 *Daniell's Ch. Pr.*, 1466 and note 2; 1 *Paige*, 48; 4 *Id.*, 527; 5 *Pick.*, 272.

But where the Court considers the mortgagee or incumbrancer guilty of any misconduct in regard to the suit, or the subject of it, he will not be entitled to costs, and in some cases he may be made to pay costs he has occasioned. 2 *Dan. Ch. Pr.*, 1470—1, and cases there cited; 1 *Paige*, 48; 5 *Pick.*, 259.

But to compel a mortgagee to pay costs there must be postive misconduct on his part to justify such a visitation upon him. 2 *Dan. Ch. Pr.*, 1472.

The general rule of the Court seems to be that the unsuccessful party, although he may be deprived of his costs never pays them.— 2 *Dan. Ch. Pr.*, 1483.

There are however many cases in which the Court has refrained from awarding costs to be paid by the unsuccessful party, solely from consideration of the peculiar hardship of the individual case. 2 *Dan. Ch. Pr.*, 1482.

And where a plaintiff has slept upon his rights for a *great number of years*, and has allowed the defendant to suppose that he would not enforce them, he will frequently although successful, be deprived of his costs. 2 *Dan. Ch. Pr.*, 1478.

In this case the party under whom the complainant claims, has suffered the mortgage to remain of record undischarged for many years, and until after the death of the mortgagee, and the mortgage itself to become lost or destroyed, if the same had been paid by him and taken up, and if he did not take it up on payment, he has not preserved any written evidence of its payment. Had he preserved the mortgage, or the bond or note accompanying the same, and had he

during the life time of the mortgagee seen fit to proceed under § 2763, 2 *Comp. Laws*, or since his death, under Act 102, of 1867, he might have compelled a discharge of the mortgage without resorting to a Court of Chancery, but in each instance he would have to pay or offer to pay the costs of the discharge.

But the executors of the mortgagee by putting in their answer, virtually denying the payment, and contesting the right of the complainant to a discharge of the mortgage, have compelled the complainant to go into full proof of his allegations, and to bring the case on regularly to a hearing on pleadings and proofs, thus adding to the costs and expenses of the proceeding unnecessarily, and it appears they were called upon to give a discharge of the mortgage before suit was commenced. Under these circumstances, therefore, although they stand in the place of, and represent the mortgagee, and deemed it their duty to protect themselves by not executing a discharge, we do not think they are entitled to recover their costs as against the complainant. Nor do we think, under the facts, that the complainant is entitled to recover his costs as against them.

Let the decree for the satisfaction of the mortgage be entered, without allowing costs to either party.