## MASSING vs. AMES and another.

COSTS: *In equity cases, discretionary.*

1. Courts of equity do not adhere as inflexibly as courts of law to the rule of giving *costs* to the successful party, but exercise a sound judicial discretion on the subject.
2. Where both parties have claimed too much, in a suit in equity, the court may properly refuse to award costs to either. 13 Wis., 607; 15 id., 41.
3. Where relief was sought against a general tax on plaintiff's lands, as well as against certain special taxes of much larger amount, and the judgment granted relief against the latter upon plaintiff paying the general tax, *without costs to either party*, this court, on plaintiff's appeal, refuses to reverse the judgment for the denial of costs to her.

APPEAL from the Circuit Court for *Dane* County.

Action to set aside a general tax, and five special assessments, levied upon plaintiff's lots in 1871, and to restrain a sale of the lots for nonpayment thereof. On the trial, the court found that all of the special assessments, except one called the sewer tax, were illegal, and directed that, upon payment within thirty days of the general and sewer taxes, the plaintiff should have judgment for the relief asked; otherwise the complaint should be dismissed, the plaintiff in any case to pay costs.

The payment not being made as directed, judgment was entered dismissing the complaint. Upon appeal to this court, the judgment was reversed, and the cause remanded with directions to grant the relief asked upon the plaintiff's paying the general tax of 1871. *Massing v. Ames*, 37 Wis., 645. The plaintiff thereupon moved, upon affidavit showing such payment, for judgment in accordance with the complaint and for the costs of suit. Judgment was ordered for the relief asked, but with costs to neither party.

From that part of the judgment denying her costs, the plaintiff appealed.

*Francis Massing,* for appellant, contended, 1. That the plaintiff was entitled to costs under the decision of this court on the former appeal (37 Wis., 645), that being part of the relief asked. 2. That although the allowance of costs in equity cases was, in strictness, discretionary, in practice the rule was the same as at law; and that rule should be departed from only in strong and unusual cases; that the judgment was substantially for the plaintiff, and there was no reason why she should not recover costs. *Tomlinson v. Ward,* 2 Conn., 396; *Hunter v. Town of Marlboro,* 2 Woodb. & M., 168; *Hightower v. Smith,* 5 J. J. Marsh., 542; *Ward v. Davidson,* 2 id., 443; *Bernard v. Trustees,* 3 id., 425; *Pilcher v. Higgins,* 2 id., 16; *Duval v. Burtes,* 2 A. K. Marsh., 120; *Aills v. Key,* 1 id., 381; *Thrall v. Town of Chittenden,* 31 Vt., 183.

*Chas. K. Tenney,* for respondents, with *H. M. Lewis* of counsel, argued, 1. That the prayer for costs is not a part of the relief demanded, but only an incident of granting such relief, following sometimes imperatively, and sometimes resting in the discretion of the court. *Gray v. Dougherty,* 25 Cal., 266. 2. That there are no costs at all except by statute, and in equity cases they are discretionary (*State v. Kinne,* 41 N. H., 238; Tay. Stats., 1531–2, § 57; *Hinds v. Meyers,* 4 How. Pr., 356; *Gallagher v. Egan,* 2 Sandf., 743; *Saunders v. Frost,* 5 Pick., 259; *Clark v. Reed,* 11 id., 446; *Tomlinson v. Ward,* 2 Conn., 396; *Eastburn v. Kirk,* 2 Johns. Ch., 317; *Frisby v Ballance,* 5 Ill., 287; *Lee v. Pindle,* 12 Gill & J., 288; *In re Hemiup,* 3 Paige, 305; *McArtee v. Engert,* 13 Ill., 242; *Stone v. Locke,* 48 Me., 425; *Decker v. Caskey,* 2 N. J. Eq. (2 Green), 446; *Leonard v. Freeman,* C. & C. Cas. (N. Y.), 491; 3 Pet., 319; 2 Barb. Ch. Pr., 321 and note); and that such is the rule where, as in this case, the plaintiff has claimed too much. *Green v. Westcott,* 13 Wis., 606; *Reed v. Jones,* 15 id., 40; 13 N. J. Law (1 Green), 165; 1 Grant's (Pa.) Cas., 171; 16 N. J. Law (1 McCart.), 367; 34 Wis., 327; 2 Sandf. Ch., 116; 4 id., 403. 3. That the judgment should not be disturbed unless a

clear abuse of discretion was shown. 3 Chand., 41; *State v. Lamont*, 2 Wis., 437; *Cook v. Helms*, 5 id., 107; *Barnes v. Merrick*, 6 id., 57; 7 id., 496; 2 Chand., 44; 10 Wis., 388; 34 id., 302; 33 id., 430.

COLE, J.　On the payment of the general tax for 1871, the circuit court entered a judgment enjoining the collection of all the special or local taxes mentioned in the complaint, but without costs to either party.　The plaintiff has appealed from so much of the judgment as denied her costs.　It is now claimed that the plaintiff was entitled to recover costs, upon two grounds. First, it is said that under the decision of this court on the former appeal, costs should be awarded the plaintiff.　It was certainly not the intention of this court to give any direction in respect to payment of costs, and its order should not be so construed.　The only direction which this court gave was, that the circuit court grant the relief asked upon the plaintiff's paying the general tax of 1871.　But the question of costs was not even considered in our consultation upon the case; and consequently the matter of refusing or awarding them to either party was subject to the control of the court below.　Secondly, it is insisted that as the plaintiff was the prevailing party in the litigation, upon general principles which govern courts of equity as well as courts of law, she was entitled to recover costs.　In equitable actions, doubtless, the general rule is to allow costs to the prevailing party.　But there are exceptions to this rule, as an examination of the authorities will show.　Mr. Justice WOODBURY remarks in *Hunter v. The Town of Marlboro*, 2 Woodb. & M., 168 (206–7) — a case cited by plaintiff's counsel as containing a full consideration of this question of costs, — that the rule at law to allow costs to the successful party is not universal, and that in equity the departures from the general rule are more frequent than at law, and extend to several classes of cases.　It is true, he observes that the inclination in equity causes should be, in his opinion, to conform to

the standard established at law, unless in extreme or strong cases. But the learned judge cites cases which show that costs may be given to neither party, or some to one and some to the other, or all to one side, according to the circumstances of the particular case and the situation and conduct of the parties. And it is certain that courts of equity do not adhere as inflexibly to the rule of giving costs to the successful party as courts at law, but exercise a sound judicial discretion on the subject.

In this court there are some decisions which lay down the rule, that where both parties have claimed too much, a court of equity may properly refuse to award costs to either party. *Green v. Westcott,* 13 Wis., 606; *Reed v. Jones,* 15 id., 41. The circuit court doubtless acted in view of that rule in the present case. The plaintiff claimed relief against the payment of both the general tax of 1871 and the special taxes mentioned in the complaint. And while it was held that she had established her right to relief in respect to the special taxes, she was required to pay the general tax as a condition to having the relief to which she was entitled. It is true, the special taxes largely exceeded in amount the general tax; but still this feature of the case is not controlling. And under all the circumstances we are not disposed to interfere with the judgment of the circuit court in respect to costs. For under our practice courts of equity have exercised some discretion upon the subject, and no inflexible rule has been adopted. We do not feel called upon to notice in detail the cases cited by plaintiff's counsel. The case is not unlike those of *Green v. Wescott* and *Reed v. Jones,* where the question of costs was considered, and we adhere to the rule there laid down. See also *Smith v. Smith,* 34 Wis., 320.

It follows from these views that the portion of the judgment appealed from must be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part in the decision of this cause.