TYLER *v.* GALLOWAY and others.

*(Circuit Court, N. D. New York.   April 1, 1882.)*

1. PATENT FOR INVENTIONS—REISSUE—ENLARGING CLAIMS.
    Where plaintiff in obtaining a reissue introduced an inexact claim, which if construed according to its natural meaning would include an invention broader than the one which was made, the patent is improperly enlarged.
2. REISSUE—VOID CLAIM—DISCLAIMER.
    One claim in a reissue may be void without necessarily invalidating the other claims. In such case it is proper to disclaim the void claim.

*George W. Hey,* for plaintiff.
*H. R. Durfee,* for defendants.

SHIPMAN, D. J.   This is a bill in equity to prevent the infringement of reissued letters patent granted August 5, 1879, to the plaintiff, as assignee of William Sternberg, for an improvement in cheese hoops.   The original patent was granted to Sternberg March 21, 1871.   The object of the bill is to prevent the use of cheese hoops known as the "Frazer hoop," which are made under the patent granted to William B. Frazer January 9, 1872.

The questions which are involved in this case, viz., the validity of the plaintiff's reissued patent and the infringement by the use of the Frazer hoop, were decided in June, 1880, by Judge Wallace, in the case of *Tyler* v. *Welch*, 3 FED. REP. 636.   At the suggestion of Judge Wallace, this case was heard by another judge, as it was thought that the recently-decided cases of *Miller* v. *Bridgeport Brass Co.* 3 Morr. Trans. 419, and *Campbell* v. *Wright* present the question of the validity of the reissue in a new light.

The nature of the Sternberg invention, the difference between the original and reissued patents in the descriptive part of the respective specifications, and the method of construction of the two hoops, are fully described in *Tyler* v. *Welch, supra.*   I entirely concur with Judge Wallace, and for the reasons which he gives in his conclusions, that the Frazer hoop is an infringement of the second claim of the reissued patent, and that there is no new matter either in the descriptive part of the specifications or in the second claim of the reissue.   This claim is a substantial reproduction in different phraseology of the single claim of the original patent.   The original claim was as follows: "The grooved hoop, A, a, in connection with the expansible ring, B, substantially as and for the purpose herein specified."

The two claims of the reissue are as follows:

"(1) An expansible ring or band, in connection with the upper part of a cheese hoop, to hold the upper edge of the bandage while being filled with curd, and during the process of pressing, substantially as specified.   (2) The combination of the expansible ring or band and the cheese-hoop, grooved or depressed sufficient to receive said ring or band, so that it will not interfere with the follower, substantially as specified."

Judge Wallace was of the opinion that the first claim of the reissue was capable of a broader construction than Sternberg's invention warranted, but was disposed to limit the claim so that it should only cover the actual invention.   While such limitation is in accordance with the existing rules of construction, yet, in view of the recent decisions of the supreme court, and of the fact that in this case, with

such a construction, both claims of the reissue would be the same, but especially in view of the late decisions, I think that such a course is not advisable, and that the claim should be declared void.

The plaintiff in obtaining a reissue introduced an inexact claim, which, if construed according to its natural meaning, would include an invention broader than the one which was made. If such a construction should be adopted the patent would be improperly enlarged. If on the other hand a limited construction should be given, the first claim would be substantially the same as the second, and would be superfluous. One claim in a reissue may be void without necessarily invalidating the other claims. In such case it is proper to disclaim the void claim. *O'Reilly* v. *Morse*, 15 How. 62; *Schillinger* v. *Gunther*, 17 Blatchf. 66. In this case there has been no unreasonable neglect or delay.

Whenever the plaintiff shall have satisfied the court that a proper disclaimer has been filed in the patent-office disclaiming the first claim in such manner as to claim only the invention as specified in the second claim of the reissued patent, a decree will be entered for an injunction against the infringement of the second claim, and for an accounting of profits and damages arising under said infringement, but without costs.