ADAMS and others *v.* HOWARD and another.

(*Circuit Court, S. D. New York.* February 6, 1884.)

1. LETTERS PATENT—BASKET LANTERN.
    The validity of letters patent granted to John H. Irwin in 1865, for an improved basket lantern, sustained.
2. RIGHT TO PART OF THE RELIEF SOUGHT WHEN THE REST CANNOT BE GIVEN.
    The expiration of a patent, pending a suit for its infringement, will defeat a prayer for an injunction, but not for an accounting, though the bill contains both.
3. COSTS—WHERE BOTH PARTIES HAVE A DECREE.
    When two distinct causes of action are united, and one party prevails in each, costs will be allowed to neither.

In Equity.

*Betts, Atterbury & Betts,* for complainants.

*Jas. A. Whitney,* for defendants.

WALLACE, J. Infringement is alleged of two letters patent for improvements in lanterns, granted to John H. Irwin, one May 2, 1865, and the other October, 24, 1865, both of which have been assigned to the complainants. The second patent only is infringed upon the construction of the claims of the first patent adopted and expressed at the hearing of the cause, which limits it to a lantern having two horizontal guards connected by a hinge or catch, whereby the lantern may be opened at or near the middle of the globe. Infringement of the second patent is not contested. The claim is to be construed as one for a loose globe lantern, in which the globe is protected by a basket of guards, and is held in place by the top of the lantern when the lantern is closed, the basket being hinged at its upper horizontal guard to the top of the lantern, and opened by a spring catch opposite the hinge. The special utility of the device over the lantern of the first patent consists in the protection of the loose globe against

accident, in case the catch is accidentally unlocked, as when unlocked the basket will prevent the globe from falling out.

It is insisted that there is no patentable novelty in the improvement, but, as was suggested at the hearing of the cause, assuming that Irwin's first patent was granted before the lantern of the second patent was invented, it is believed that the change made in the last lantern was not such an obvious one as to negative the exercise of invention. As the lantern of Irwin's first patent approximates to that of the second far more closely than any other preceding device, it is unnecessary to examine further into the prior state of the art. The difference between the lantern of the second patent and that of the first consists only in a new location of the hinge and spring catch, and the employment of a horizontal guard to form the upper rim of the basket for the purposes of this new location. This change of location seems to have been a very simple thing after it was made. But simple as it may have been, it remedied a grave defect in the lantern of the first patent; and the advantages which it introduced were immediately recognized by the public. Others who were actively experimenting in the same field of improvement failed to discover how readily this change could be made and what advantages would result by its being made.

The defense that the patent is anticipated by the lantern described in the prior application for a patent by Anthony M. Duburn is not tenable, because there is no evidence, except his application for a patent, that he ever invented such a lantern. It was conceded by his solicitors upon the application that the model accompanying his application would not answer for use as a lantern, although it was sufficient to illustrate the construction of the device; and the examiner in charge condemned the model as inoperative. As there is no evidence in the case to show that such a lantern as was described in the application and illustrated by the model was ever actually constructed by Duburn, sufficient does not appear to defeat the novelty of Irwin's invention.

It will not be profitable to consider in detail the numerous objections urged by the defendant to the complainant's title to the patent. The conclusion reached is that the complainant Adams is vested with the title to the patent which was acquired by the Chicago Manufacturing Company, October 6, 1866, together with the right of action of that company to recover for infringements since that date. This title is, of course, subject to the license which had been granted by that company to Archer and others to make and use the invention in this state and elsewhere. The complainant Dietz has acquired an undivided third interest in this license by the transfer of Pancoast of March 24, 1881. No objection having been taken by demurrer or the answer to the non-joinder of the other two owners of this license, such non-joinder can not now be insisted on to defeat a decree. If these parties are within the jurisdiction of the court, which does not

appear, a decree can be made without affecting their rights, and which will completely adjust the rights of all the parties to the suits as between themselves. In this view the recovery by Dietz must be limited to one-third of the damages and profits, by reason of the making, and using of the invention, accruing since March 24, 1881. The case does not disclose such laches on the part of the owners of the patent as should defeat an accounting. While infringements by various parties and for considerable periods have been shown to have taken place during the, life of the patent, the circumstances fail to establish acquiescence in the instances where the infringement was known to the owners of the patent.

No doubt is entertained of the propriety of decreeing an accounting, although the patent has expired since the commencement of the suit, and although for that reason there should not be an injunction. The jurisdiction of a court of equity having been legitimately invoked by the complainant, he will not be sent away without redress, merely because all the redress to which he was originally entitled cannot now be awarded to him. Under such circumstances, the court will retain the cause in order to completely determine the controversy. *Gottfried* v. *Moerelin,* 14 FED. REP. 170.

Inasmuch as the complainants have united two distinct causes of action in their bill, and upon their allegation that the defendants' lanterns infringed both the letters patent, have compelled the defendants to litigate both, and as to one of these causes of action the defendants have prevailed, neither party should recover costs as against the other. *Strickland* v. *Strickland,* 3 Beav. 242; *Crippen* v. *Heermance,* 9 Paige, 211; *Elfelt* v. *Steinhart,* 11 FED. REP. 896, 899.

A decree is ordered for complainants in conformity with this opinion.