HAYES *v.* BICKELHOUPT, Sr.

*(Circuit Court, S. D. New York.* August 25, 1884.)

PATENTS FOR INVENTIONS—NOVELTY—PATENT No. 170,852.
  The first and fifth claims of patent No. 170,852, granted December 7, 1875, to George Hayes, for an improvement in ventilating louvers, *held* void for want of novelty.

In Equity.

*J. H. Whitelegge,* for orator.

*Arthur v. Briesen,* for defendant.

WHEELER, J. This suit is brought upon letters patent No. 170,852, dated December 7, 1875, and issued to the orator for an improvement in ventilating louvers. There are five claims, the first and fifth of which are alleged to be infringed. A louver appears to be an opening in buildings crossed by a series of slanting slats to exclude rain and snow, and admit air. The patent describes a louver with

an outer reticulated covering and curved slats, called gutters, within, having flanges at the upper edges extending upwards, and at the lower edges extending downwards, both serving to stiffen the gutters, and the lower one for an attachment for the reticulated covering. The first claim is for the combination of the covering with the gutters, and the fifth is for the gutters themselves. These gutters are shown as slanting, and operating to shed rain or snow in the same manner as the slanting slats. The reticulated covering operates as a screen, precisely as it would if there were no slats. Neither operates any differently, or accomplishes any result in connection with the other different from what it would if the other was not there. They appear to form a mere aggregation, and not a patentable combination. *Pickering* v. *McCullough,* 104 U. S. 310; *Double-pointed Tack Co.* v. *Two Rivers Manuf'g Co.* 109 U. S. 117; S. C. 3 Sup. Ct. Rep. 105. Further, slanting slats performing the same office as these were a part of common knowledge,—their existence is assumed in the patent as a known part of a louver, on which the invention was set up as an improvement. A screen like the reticulated covering was also well known. There would not appear to be any patentable invention in putting the two to uses together for which each was before well known separately.

The flanges to the gutters for stiffening them were merely such additions as would be supplied by good workmanship when needed. They were not new for that purpose. And the use of the flange shape for attaching the reticulated covering would appear to be very obvious. These claims appear to be without sufficient invention to uphold them.

Let there be a decree dismissing the bill of complaint, with costs.