THOMSON–HOUSTON ELECTRIC CO. v. ELMIRA & H. RY. CO.

(Circuit Court, N. D. New York. June 29, 1895.)

No. 6,130.

1. COSTS IN PATENT SUITS.
Costs will not be awarded to complainant, where some of the claims sued on are withdrawn at the argument, and others are adjudged not infringed, although the decree is in his favor as to others still.

2. PRACTICE IN PATENT SUITS—WITHDRAWING CLAIMS.
The practice of withdrawing, at the hearing, claims of doubtful validity, is to be encouraged, as it simplifies the issues, relieves the court and counsel of tedious and inconsequential investigation, and relieves the defendant from liability thereon, as completely as if they were declared invalid.

This was a bill in equity by the Thomson-Houston Electric Company against the Elmira & Horseheads Railway Company for alleged infringement of the Van Depoele patent, No. 424,695, for improvements in suspended switches and traveling contacts for electric railways. A decision on the merits was heretofore rendered. 71 Fed. 396. The question now is as to the matter of costs, and whether complainant should be permitted to withdraw certain claims. It arises upon the settlement of the decree.

Samuel A. Duncan and Frederic H. Betts, for complainant.
Wm. A. Jenner and Thomas B. Kerr, for defendant.

COXE, District Judge. As to costs. Four of the claims were withdrawn at the argument on intimation by the court that the question of invention as to them was exceedingly doubtful. The court decided, as to three others, that the defendant did not infringe. Fourteen claims are not included in the decree, presumably for the reason, as to some of them at least, that they are thought to be for the same invention as those which are included. The defendant has been put to the trouble and expense of defending all of these claims, those withdrawn and not infringed equally with the others. In these circumstances the rule in this circuit is well settled that the complainant is not entitled to costs. Adams v. Howard, 22 Blatchf. 47, 19 Fed. 317; Hayes v. Bickelhoupt, 21 Fed. 566; Yale & G. Manuf'g Co. v. North, 5 Blatchf. 455, Fed. Cas. No. 18,123; Steam Trap Co. v. Felthousen, 20 Fed. 633; Tyler v. Galloway, 20 Blatchf. 445, 12 Fed. 567; Edison Electric Light Co. v. Electric Engineering & Supply Co., 60 Fed. 401; Electrical Accumulator Co. v. Julien Electric Co., 38 Fed. 117; Campbell Printing-Press & Manuf'g Co. v. Eames Vacuum Brake Co., 44 Fed. 64; Ballard v. McCluskey, 58 Fed. 880.

The question of costs having been determined in favor of the defendant, the court can see no reason for entering upon a discussion and analysis of the claims not included in the decree. Cui bono? The course adopted by the complainant in withdrawing these claims has frequently been pursued in other cases in this circuit. It is

thought that this practice should be encouraged in this cause particularly. As the decree now stands the air is cleared and the issue very much simplified by the withdrawal of these claims. The court and counsel are relieved from a tedious and inconsequential investigation which in no event could place the defendant in any better position than it now is. The complainant does not recover costs and the defendant is relieved from all liability on account of the withdrawn claims as fully as if they were declared invalid by the court.