SHAW v. HEISEY ET AL.

1. **Mortgage:** FORECLOSURE: JUNIOR LIEN.  Where a mortgage has been foreclosed in an action to which a junior lien-holder has not been made a party, the purchaser under the foreclosure proceeding may prosecute an action requiring the junior lien-holder to exercise his right of redemption, and in default thereof is entitled to a decree cutting off such right of redemption.

2. ———: EXECUTION : JUDICIAL SALE.  The interest sold under execution in a foreclosure proceeding is the entire interest covered by the mortgage, unaffected by any subsequent conveyance of the mortgagor.

*Appeal from Jones District Court.*

THURSDAY, JUNE 6.

ACTION in chancery to quiet the title of certain lands in plaintiff.   There was a decree dismissing his bill, from which he appeals.   The facts of the case appear in the opinion.

*Remley & Remley*, for appellants.

*Thompson & Davis*, and *Keeler & Keeler*, for appellees.

BECK, J.—I.   The petition shows that plaintiff is the owner of certain lands in Jones county.   The conflicting titles of the parties are traced from David Graham, who, in 1864, conveyed the lands to Phillip Haines.   Haines executed a mortgage upon the lands to Graham, which was assigned to E. A. Vaughn, who subsequently conveyed the undivided one-

half of the property to Winslow, who conveyed a like interest to Lewis. Lewis executed a mortgage upon his interest in the property to Winslow, which was foreclosed. Under this foreclosure plaintiff acquired title. It does not appear that defendants, or those under whom they claim, were made parties to the action.

Vaughn foreclosed the mortgage executed by Haines to him, and became the purchaser of the land upon a sale thereof, under an execution issued upon the decree of foreclosure. The plaintiff, and those under whom he claims title, were not made parties to this foreclosure proceeding. Subsequently, Vaughn instituted another action, to which plaintiff and others were made defendants, and a decree was had which foreclosed their equity of redemption.

Plaintiff executed a quitclaim deed for the lands to Vaughn, who subsequently conveyed the property to defendant Heisey.

II. Plaintiff represents that the quitclaim deed executed by him to Vaughn was made to describe, through mistake, the lands in controversy, and asks that it may be reformed so as to conform to the true intentions of the parties.

It becomes unnecessary to consider this branch of the case, as the rights of the parties are fully determined by the conclusions we reach touching the effect to be given to the proceeding instituted by Vaughn to cut off the equity of redemption of plaintiff.

III. After the sale of the land upon Vaughn's foreclosure, purchasers under the mortgage, who were not made parties—1. MORTGAGE: foreclosure: junior lien. and plaintiff was in that condition—had the right of redemption. As they were not brought into court and required to answer to the action, their rights were not cut off; these rights were to redeem from the mortgage, and no other or different. See Withrow and Stiles' Dig., pp. 752, 765, for cases upon this point. These rights they could enforce by action. The purchaser under the foreclosure proceedings was authorized to prosecute an action requiring them to exercise their rights of redemption, and, in default thereof,

to demand a decree foreclosing, cutting off, their equity of redemption. In such an action they could set up their equity of redemption, and their right would be as fully enforced as it could have been in the original foreclosure proceedings, had they appeared and pleaded therein. If, however, they failed to appear, their right of redemption would, by a proper decree, be just as effectually foreclosed as it could have been in the original decree of foreclosure. These are familiar doctrines, and do not demand the citation of authorities to gain assent to their correctness. We must now inquire if plaintiff's rights have been cut off by the last action for the foreclosure of his equity of redemption.

The petition in the action brought by Vaughn shows that the defendants, among whom was Shaw, "have, or claim to have, some rights, claims or interest in said land, to-wit: judgment and mortgage liens, to what extent plaintiff is unable to state— but plaintiff says that each and every one of said claims, liens and interest were and are junior and inferior to the judgment and foreclosure obtained as aforesaid by him, and to satisfy which said property was sold, as before stated." The decree contains the following adjudication: "It is therefore finally ordered, adjudged and decreed by the court that the right and equity of redemption of said defendants, and each of them, of, in and to the premises described and set forth in plaintiff's petition, to-wit: [describing the lands], be foreclosed and forever barred, and that plaintiff's title thereto become and remain absolute and free from all liens and judgments which defendants or either of them have or had against said land, and that the same are junior and inferior to plaintiff's title thereto."

The right which Shaw had, as against the senior mortgage, was the right of redemption, and thereby to subject the land to his debt. He did not hold the title. His right therein was that of the holder of a lien inferior to Vaughn's mortgage. He made default in the action, and thus admitted the allegation of the petition. The decree sufficiently provides that his

Shaw v. Heisey.

right of redemption should be cut off and declared inferior to plaintiff's title.

IV.   The record shows that the return of the sheriff upon the execution, and the sheriff's deed, describe the property 2. ——: execu- sold and conveyed to be "Haines' interest" in the tion: mortgage. land in controversy.   It is argued that the undivided one-half only of the land was conveyed, as Haines had parted with the remaining interest.   But Haines, when he executed the mortgage, owned all the land; that instrument covered all the interest he then held.   The mortgage was not affected by subsequent conveyances.   The "interest of Haines," conveyed in the sheriff's deed, was the interest he conveyed by the mortgage.

V.   The judgment and decree against Haines were entered upon agreement, whereby the property was to be sold upon execution, subject to redemption.

Plaintiff insists that as he was interested in the amount of the judgments this agreement was to his prejudice, and that he had the right to have the real estate of Haines exhausted before plaintiff's land could be sold.   His rights, he claims, so far as they were affected by these matters, were not protected. But the ready answer to this objection is this:   Whatever right he had could have been protected and enforced in the proceeding in which he was made a party.   The judgment upon which the land was sold did not bind him, for he was not a party thereto.   He could, therefore, have shown that it was for a sum greater than was actually due upon the mortgage.   Had he the right to require the undivided half not conveyed by Haines to him to be first sold, and he was prejudiced because this had not been done, he could have shown these facts in the action brought against him, and whatever rights he held could have been fully enforced.   But, by his default, he admitted that he held no equities of this character.

VI.   Shaw held certain judgment liens against Haines. His counsel now insist that the decree in the action brought against him cut off his right to redeem under these judg-

ments, and not his right under the foreclosure of the mortgage given by Lewis.

But as Vaughn was not a party to that foreclosure proceeding, he and those claiming under him were not bound by it. Shaw acquired no title thereby as against Vaughn and his grantees. When Vaughn brought his action against Shaw, the case was simply that of a contest of a senior mortgagee against a junior. The junior's right was that of redemption and no other. He could have claimed that right, not on the ground that he held the title against Vaughn, but under his mortgage, which, as to Vaughn, was a junior lien. His rights, then, were those of a junior lien holder.

The language of the allegations of Vaughn's petition, and of the terms of the decree alleging Shaw to be the holder of judgment and mortgage liens, fully describes his rights as against Vaughn. He was the holder of a lien under the mortgage executed by Lewis. The decree foreclosed his equity of redemption under that mortgage.

We have noticed all questions brought to our attention by counsel of plaintiff, and find no reason for disturbing the decree of the District Court.

AFFIRMED.