## EVANS v. ATKINS.

Mortgage: FORECLOSURE: JUNIOR MORTGAGEE NOT MADE PARTY: SUBSEQUENT FORECLOSURE AS TO HIM: DECREE: REDEMPTION. The holder of a senior mortgage foreclosed and bought in the land, but failed to make the junior mortgagee a party. Subsequently, he brought an action against the junior mortgagee to foreclose his equity of redemption, and a decree was entered, upon a default, for the relief sought, without allowing any time within which redemption might be made. *Held* that, if this was error, it did not avoid the decree: and that, so long as it stood uncorrected, the junior mortgagee could not redeem the land.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 10, 1888.

ACTION to redeem from a mortgage. The defendant demurred to plaintiff's petition. The demurrer was overruled, and, plaintiff standing thereon, a decree was entered dismissing his petition.

*Frank Amos* and *J. W. Bull*, for appellant.

*Struble, Rischel & Hart*, for appellee.

BECK, J.—I. One Hewitt executed a mortgage upon certain lands to Langdon, which was foreclosed in a proper action, and the lands were sold on the decree to Langdon, and a deed for them was executed to him. He subsequently conveyed the lands, and his grantee conveyed them to defendant. Defendant and his grantees have occupied the lands for a number of years under the title based upon the foreclosure and sale thereunder. Plaintiff held a junior mortgage on the same lands covered by the mortgage foreclosed. He was not made a party to the foreclosure proceedings. He brings this action to redeem from the foreclosure, and claims that the rents and profits of the lands should be determined, and the amount thereof applied to the mortgage debt of Langdon, which would thereby be fully paid and discharged. Defendant, for answer, among other things, alleges and shows that, after Langdon had acquired title to the lands under foreclosure sale, he instituted an action seeking to cut off and foreclose plaintiff's equity of redemption under the mortgage. Plaintiff was made a defendant to the action, and was personally served with notice, but, failing to appear, a decree upon his default was rendered against him, in effect granting the relief prayed for. To this answer plaintiff demurred. The demurrer being overruled, and plaintiff refusing to further plead, a decree was rendered dismissing his petition.

II. The decree of foreclosure in the action brought by Langdon did not cut off the right of plaintiff, as a junior incumbrancer, to redeem. He still held that right after the decree and sale; but it was a right to subject the land to his mortgage upon paying the senior mortgagee the amount of his mortgage debt. This right is supported upon no other foundation than payment of Langdon's mortgage debt. This he is authorized to do at any time within the period prescribed by the statute of limitations. But the law authorizes Langdon to call upon him to exercise his right, and in case of his failure

to do so it will be cut off—foreclosed—by a decree so providing. The plaintiff has no title or interest in the lands before redemption. See *Shaw v. Heisey*, 48 Iowa, 468. The answer of defendant shows that Langdon, in the action brought by him against plaintiff, did call upon him to redeem, which he failed to do. Thereupon a decree was entered cutting off plaintiff's equity of redemption.

III. In our opinion the decree sufficiently provides for this remedy. Plaintiff's counsel think it fails to do so. While the decree is not clothed in the plainest language, and is drawn with little skill, we think it expresses with sufficient clearness the thought that plaintiff's equity is foreclosed. It does not provide within what time plaintiff may redeem. It may be that such a provision would be proper, or, indeed, demanded, to the end that equity be fully done. Yet it cannot be held that an omission to provide for the time of redemption renders the decree void. The court surely had jurisdiction of the parties and subject-matter involved in the action. If it erred in exercising this jurisdiction, its decree is not void, but will stand until this error is corrected. Counsel think the Langdon suit, and the decree thereon, operated as a strict foreclosure, and therefore time ought to have been extended for redemption. It may be assumed, for the purpose of the case, that counsel's position is correct, yet the error complained of does not go to the jurisdiction of the court, and does not invalidate the decree. Plaintiff, if prejudiced by the error, ought to have pursued the course pointed out by the law to correct it. It is our opinion that the decree of the district court ought to be

AFFIRMED