GEORGE S. MCCAGUE, APPELLEE, V. LEONE ELLER ET AL., APPELLANTS.

FILED NOVEMBER 22, 1906. No. 14,519.

1. **Mortgages:** FORECLOSURE: REDEMPTION. The right of redemption of real property from a mortgage debt and the right to extinguish that right by judicial foreclosure are mutual and reciprocal.

2. ————: SECOND FORECLOSURE. When the owner of a mortgage upon real estate acquires by judicial foreclosure and sale the legal title to all the mortgaged property, leaving an unpaid residue of the mortgaged debt, and the proceedings are by accident or mis-take incomplete in the respect that they leave an equity of redemption in a part of the premises in the heirs at law of one of the mortgagors, the plaintiff in such action, being the purchaser at the sale, or his grantee, may maintain an action to foreclose the unextinguished equity of redemption for the unpaid residue of the debt.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*J. W. Eller, C. G. McDonald* and *Benjamin S. Baker,* for appellants.

*Charles Battelle, contra.*

AMES, C.

James W. Eller and Frances E., his wife, were the owners in severalty each of an undivided half of certain lots and a dwelling house situated thereon, and were in joint occupancy of the same as a homestead. In May, 1892, they joined in the execution of a note and of a

mortgage of the premises for the sum of $5,000, and interest, to the Globe Loan & Trust Company of Omaha. In February, 1896, they also joined in a warranty deed, then or soon afterwards duly made of record, conveying the premises to Ida M. Dolan. In December, 1898, Mrs. Eller died, leaving surviving her certain minor children of the marriage, who, together with their father, continued to occupy the premises. Afterwards the Randolph Savings Bank, having become the owner of the note and mortgage by purchase and assignment, began an action of foreclosure to which James W. Eller and Mrs. Dolan, as the apparent owner of the equity of redemption or fee title, and her husband, were made parties. The Dolans made default, but Eller answered, alleging, among other things, that the deed to Mrs. Dolan was executed and delivered by way of mortgage to secure an indebtedness. The action proceeded to a decree of foreclosure, but the order of sale was stayed for the statutory period at the request of Eller. After the expiration of the stay a stipulation was entered into between the plaintiff and Eller, by which the latter was released and discharged from liability to a deficiency judgment, and was permitted to retain possession of the premises for the term of one year, without payment of rent, in consideration of his agreement not to resist a sale of the premises, or a confirmation thereof, under the decree. A sale was thereafter had and duly confirmed for $4,667, leaving an unpaid residue of several hundred dollars of principal and interest, the plaintiff in foreclosure being the purchaser, to whom a sheriff's deed was issued.

The Randolph Savings Bank became insolvent and passed into the hands of a receiver, who sold the title acquired at the foreclosure sale to the plaintiff in this case, and executed and delivered to the latter a deed purporting to convey the premises to him. The note remained in the hands of the attorney, in the foreclosure suit, of the Randolph Savings Bank, and was delivered to the plaintiff McCague without further consideration,

Afterwards the plaintiff successfully prosecuted a suit in forcible detainer against Eller and obtained a writ of restitution against him. Eller then departed from the premises, but the children of Mrs. Eller, some of whom had attained to their majority, remained in possession of the premises claiming to be owners of an undivided half of the same as the heirs at law of their mother. It thus appears that the action of foreclosure was incomplete in the respect that the heirs at law of Mrs. Eller were not parties to, and their equity of redemption was not extinguished by, it. This is an action against the heirs to foreclose their equity of redemption in an undivided half of the premises for the unsatisfied portion of the mortgage debt. There was a decree for the plaintiff in the lower court, from which the defendants appeal.

So far as appears, the first actual notice that the Randolph Savings Bank, or its receiver, or the plaintiff had that the deed to Mrs. Dolan was intended as a mortgage only, or that the foreclosure was incomplete, was when the heirs set up their claim of ownership and right of possession, after Eller had personally vacated the premises in obedience to the writ of restitution issued in the forcible detainer suit. But, notwithstanding the purpose for which the Dolan deed was executed and delivered, it was effectual to convey the legal title to the premises. *Dodge v. Omaha & S. W. R. Co.*, 20 Neb. 276; *Stall v. Jones*, 47 Neb. 706; *Gallagher v. Giddings*, 33 Neb. 222. It follows, as a matter of course, that the foreclosure decree, sale and deed operated to convey the legal title to the purchaser at the judicial sale, leaving in the heirs of Mrs. Eller nothing more than an equity of redemption of an undivided half of the premises, and in James W. Eller nothing at all. It follows equally, of course, that the deed from the receiver, which it is not sought in any way to impeach, conveyed the entire title to the plaintiff, subject only to the equity of redemption in the heirs, which it is sought in this action to foreclose. We can see no room for doubt, upon principle or authority, that it

also conveyed to the plaintiff the right to demand and obtain such redemption or to apply to a court of equity for its foreclosure. It is certain that no one else has that right. The effect of the transaction was to extinguish the mortgage by a merger of it in the legal title to the whole of the mortgaged premises, but a residue of the mortgage debt, for a payment of which the lands had been pledged, remains unsatisfied, and the equity of the heirs of Mrs. Eller to redeem an undivided half of the premises therefrom is still unextinguished. If this action had not been begun, and they had desired to enforce their right of redemption, against whom should their suit have been brought? Certainly against no one but the present plaintiff, in whom is vested the legal title which it would have been the sole object of such an action to recover. It would not be contended, we apprehend, that in such a case it would have been necessary for them to seek out the mortgagee, or his insolvent assignee, or the purchaser at the foreclosure sale, the rights, interests and titles of all of whom, as respects the realty, are united in the plaintiff. Nor can it be contended, we think, that the Randolph Savings Bank, or its representative, after having prosecuted the suit in foreclosure to a sale purporting to convey the entire title, both legal and equitable, and after having conveyed the premises by a deed of like purport through its receiver, would be heard to assert any claim on account of the unpaid residue of the mortgage debt, to the prejudice of its grantee, the plaintiff. It is evident beyond dispute that the incompleteness of the foreclosure is due to accident and misapprehension, and not to the intent of the plaintiff therein, and it cannot be doubted that if the latter had remained solvent and was prosecuting this action it would be entitled to the decree appealed from.

The right of redemption and the right to extinguish that right by judicial foreclosure are mutual and reciprocal, and we have no doubt that the plaintiff has become subrogated to the unpaid residue of the mortgage debt,

in so far as the same is requisite for the protection of his title, of which it is in equity one of the muniments. As is said in *Emmert v. Thompson*, 49 Minn. 386:

"It has been well said that the doctrine of subrogation has been steadily growing and expanding in importance, and becoming more general in its application to various subjects and classes of persons. It is not founded upon contract, but is the creation of equity, is enforced solely for accomplishing the ends of substantial justice; and, being administered upon equitable principles, it is only when an applicant has an equity to invoke, and where innocent persons will not be injured, that a court can interfere. It is a mode which equity adopts to compel the ultimate payment of a debt by one who in justice and good conscience ought to pay it, and is not dependent upon contract, privity, or strict suretyship." See also *Brobst v. Brock*, 77 U. S. 519; *Rogers v. Benton*, 39 Minn. 39; *Givins v. Carroll*, 40 S. Car. 413; *Jackson v. Bowen*, 7 Cow. (N. Y.) 13.

The judgment in this case is the ordinary decree of mortgage foreclosure and sale of the undivided half of the premises for the satisfaction of the unpaid residue of the mortgage debt. In our opinion it is right, and we recommend that it be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.