ELMER W. NELSON, Appellee, v. FIRST NATIONAL BANK OF JEWELL, Appellant.

**MORTGAGES:** Foreclosure—Inadvertent Omission of Junior Mortgagee—Procedure. After foreclosure and deed, an independent action may be maintained to cut off the equity of redemption of a junior mortgage holder who was inadvertently not made a party to the foreclosure; but the decree should grant a reasonable time in which to redeem, and in such case, the statutory 9-months period is not controlling.

**ACTIONS:** Splitting—Nonapplicability of General Rule. The rule which prohibits the splitting of actions is applicable only in those cases where the several actions are between the same parties.

**MORTGAGES:** Foreclosure—Nonprejudicial Redemption Order. One who is granted the right to redeem may not complain of an order relating thereto which can work him no possible prejudice.

Headnote 1: 27 Cyc. p. 1817. Headnote 2: 1 C. J. p. 1120 (Anno.) Headnote 3: 27 Cyc. p. 1811.

*Appeal from Hamilton District Court.*—G. D. THOMPSON, Judge.

MARCH 17, 1925.

ACTION to cut off equity of redemption under mortgage foreclosure sale. Plaintiff was granted the relief prayed for. Defendant appeals.—*Affirmed.*

*Martin & Alexander,* for appellant.

*Henderson & Jones,* for appellee.

ALBERT, J.—I.  On the first day of May, 1922, a decree was entered in the Hamilton County district court foreclosing the mortgage of the plaintiff against a quarter section of land in that county.  Execution was issued, and the land sold.  Plaintiff

1. MORTGAGES: foreclosure: inadvertent omission of junior mortgagee: procedure.

bought at the foreclosure sale, and subsequently took deed. It was then discovered that there was an outstanding mortgage junior to the one foreclosed by the plaintiff, which had been duly assigned to the First National Bank of Jewell Junction, Iowa; and this bank was not made party defendant to the foreclosure proceedings.  The mortgage foreclosed by the plaintiff was a second mortgage, and that held by the bank was third; the first mortgage being for a principal sum of $30,000.  On the discovery of the failure to make the bank a party defendant, this action was instituted, to cut off the equity of redemption of the First National Bank; and, as said, the district court granted the relief prayed for, and, in a judgment dated January 10, 1924, terminated the right of the appellant to redeem on April 1, 1924.

The appellant first raised the question that this action is not maintainable because of the rule that a party cannot split his cause of action and try it piecemeal,—which rule is salutary,

2. ACTIONS: splitting: nonapplicability of general rule.

and well recognized by this court, but has no application to the present action. It applies only where the several actions are between the same parties.  That this is the proper method to cut off the right of redemption of the defendant is fully recognized.  See *Ten Eyck v. Casad & Rowley,* 15 Iowa 524; *Shaw v. Heisey,* 48 Iowa 468; *Evans v. Atkins,* 75 Iowa 448.  Of course, it goes without saying that a junior mortgagee who is not made a party defendant to the foreclosure of a senior mortgage continues to have the right of redemption, under Section 4046 of the Code of 1897.

The first question seriously raised by the appellant herein

is that it, not having been made party to the foreclosure when the court in this case entered judgment holding that it must redeem by the first of April, should have been given the full statutory period of nine months for redemption.

It is to be noted that sixteen months intervened between the judgment entry foreclosing plaintiff's mortgage and the time this action was commenced. During this time, of course, defendant did not redeem. When the judgment entry was entered in this case on January 10, 1924, as said, the court gave defendant until the first of April following, to redeem. It chose not so to do, but appealed, and presumably has at this date not exercised a right of redemption.

As shown by the cases above cited, the plaintiff had a right to maintain this action, and the lower court had a right to enter decree compelling the defendant to exercise its right of redemption if it chose so to do. It is, to our minds, equally true that, at the time the court entered the decree in this matter, he had a right to fix and determine the time within which defendant should exercise that right.

This seems to be the first case where this particular question has been raised in this state. While there are numerous cases in which the right to exercise this redemption is summarily cut off by the decree, such ruling seems never to have been appealed from; so those are of little aid in the determination of this question.

Having determined that the court had power to compel the defendant to exercise that right, we are disposed to hold that the court, being an equity court, had a right to fix the time within which the defendant must redeem, and that the statutory right of nine months for redemption has no application to such a situation. On the other hand, we doubt whether the court could, if objection is made, as it is in this case, summarily foreclose the defendant's right to redeem without giving him such opportunity. In other words, the equity of the situation is such that we deem it to be the proper rule that, where a decree is entered cutting off this right of redemption, the holders of junior incumbrances should have a reasonable time to make redemption before the decree shall be operative to cancel the right. The lower court, in this case, gave the defendant a few days

less than three months in which to exercise its right. We deem this to be just and equitable under the circumstances; and it has no right to complain.

II. Another question raised in the case arises with reference to the first mortgage, of $30,000. The decree provided that, in case the defendant redeemed, plaintiff was ordered to execute a deed of conveyance, without warranties, of this property, subject to said senior mortgage of the principal sum of $30,000, held by Elizabeth W. Nelson, and all her rights under said mortgage, etc. Defendant insists that it is error to include this provision in the decree, because it claims that the record shows that the $30,000 mortgage is apparently satisfied of record. The oral evidence in the case, however, disputes this satisfaction; but, be that as it may, the original situation was, at the time of the foreclosure of plaintiff's second mortgage, that defendant's mortgage was third, the plaintiff's mortgage was second, and a first mortgage existed for $30,000.

3. MORTGAGES: foreclosure: nonprejudicial redemption order.

It cannot be determined in this case that the first mortgage has been satisfied, because the holder of that mortgage is not a party to this case; so that whatever the decree should find in that relation would not aid or damage the defendant in any way. If it shall proceed to redeem from this mortgage foreclosure sale, then, if the first mortgage is in fact paid, it will get this land for the amount of the second mortgage foreclosure judgment, interest, and costs, and the amount due it on its mortgage. Of this, of course, it cannot complain. On the other hand, if the $30,000 mortgage has not been paid, defendant is in identically the same position as it would have been had it been made party to the foreclosure proceeding, or had the decree in this case been wholly silent as to the $30,000 mortgage; so that the part of the decree about which it complains in no way prejudices its rights or interest in the exercise of this right of redemption.

We do not find that the appellant has any legitimate complaint about the entry of the decree in the lower court; but, in view of the fact that the time given it by the lower court has expired, we deem it no more than just that it should have opportunity to redeem. It is therefore ordered that the defendant's right to exercise its right of redemption from the second mort-

gage foreclosure, under the decree from which it has here appealed, be extended, it to have 60 days from the date of the filing of this opinion to effect the redemption; and the decree is accordingly modified to this extent. The costs of this appeal are ordered taxed against the appellant.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.