WINTER, Respondent, vs. KNAAK and others, Defendants: WHITE and another, Appellants.

*October 11, 1940—January 7, 1941.*

*Ken Traeger* of Gresham, for the appellants.

For the respondent there were briefs by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter.*

The following opinion was filed November 8, 1940:

FAIRCHILD, J. On November 27, 1933, the respondent began an action to foreclose a mortgage against William Knaak held by her as collateral to a note. During the progress of the action and after the judgment of foreclosure was entered January 16, 1934, buildings upon the premises were destroyed by fire. The insurance money was so applied as to dispose of all but $500 due on the respondent's note and mortgage. When this money was so applied, the foreclosure proceedings stopped and the plaintiff indorsed upon the back of the note the following stipulation:

"May 30, 1934, received of Dairyman's Mutual Insurance Company the sum of $2,400 of which $618.25 was paid to William Knaak, $500 to B. E. Meyers, attorney for Gottlieb Knaak and Emma Knaak and $41.90 to costs of foreclosure and costs of suit against insurance company, balance applied to note $1,245.85, balance due on note and mortgage is $500. Extended for two years. May 30, 1934."

That the respondent intended to dismiss the first foreclosure action upon the application of the insurance money to the debt is strongly suggested by the suspension of the cause of action for two years. This is especially so when considered in the light of her act in commencing a new foreclosure action in 1936. Respondent now seems to deny that she dismissed the action and that by this extension she entered into a new arrangement with the said William Knaak. However that may be, when the two-year period had passed Knaak was again in

default and the respondent began the second action June 18, 1936, to foreclose her remaining lien upon his property. This foreclosure action made no reference to the first foreclosure other than to recite payments made and the reduction of the principal by reason of the application of the insurance money. Judgment of foreclosure was entered on August 1, 1936. On October 4, 1937, the property was sold and the sale was confirmed on October 25, 1937.

The amount due on the mortgage was paid in full, and the sheriff's deed was delivered to the purchasers Reinhardt Knaak and Adeline Knaak who entered into possession. There was no objection by William Knaak, the mortgagor, to the maintenance of the second action and certainly the respondent sought to use that method to enforce the collection of the amount remaining due to her upon her note and mortgage. No occasion for which equity would set aside a foreclosure sale after confirmation is shown in connection with this judgment. There is an attempt to justify the revival of the first foreclosure action on the ground that the second foreclosure was brought inadvertently and to sustain the judgment on some theory of subrogation. But the foreclosure of the mortgage in the second action and the collection of the amount due results in the satisfaction of the debt and leaves the respondent since October 25, 1937, without rights to enforce or protect or wrongs to redress or prevent in relation thereto. A proper foreclosure proceeding, when confirmed, satisfies the debt and extinguishes the mortgage. 41 C. J. p. 889, § 1112; 1 Jones, Mortgages (8th ed.), p. 571, § 445; 2 Wiltsie, Mortgage Foreclosure (5th ed.), p. 1343, § 830. This affected rights of others, that is, the liens of White and O'Neil, because of the satisfaction of the mortgage debt, came to a position of advantage and one of more value. Each has a right to be protected and his objections to the proceedings are valid and must be sustained.

Respondent's interest in the property as mortgagee has passed together with the interest of the mortgagor to the purchasers at the foreclosure sale. The proceedings resorted to and the practice followed may not have been the wisest course to pursue so far as the respondent is concerned, but that cannot alter the fact that the second foreclosure, the sale, the confirmation thereof, the delivery of the sheriff's deed, and payment of the price by the buyer has satisfied the debt and ended respondent's interest. *Ames v. Storer,* 98 Wis. 372, 74 N. W. 101; *Roosevelt v. Land & River Co.* 108 Wis. 653, 84 N. W. 157; *Huntzicker v. Dangers,* 115 Wis. 570, 92 N. W. 232; 41 C. J. p. 889, § 1111; 5 Thompson, Real Property, p. 1080, § 4820; 2 Wiltsie, Mortgage Foreclosure (5th ed.), p. 1341, § 829; sec. 278.17, Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on January 7, 1941.