WINTER, Plaintiff, vs. O'NEILL, Defendant.   [Two appeals.]

*September 16—October 16, 1942.*

For the plaintiff there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

*Ken Traeger* of Gresham, for the defendant.

MARTIN, J.   On October 19, 1931, William Knaak, the then owner of the eighty acres in question, executed a mortgage on said real estate to the plaintiff in the sum of $1,550. On June 10, 1932, William Knaak executed a second mortgage on the same real estate to Gottlieb and Emma Knaak in the sum of $653.   Gottlieb and Emma Knaak commenced an action to foreclose their mortgage on September 22, 1932, and judgment of foreclosure and sale was entered on December 6, 1932.   On November 27, 1933, plaintiff commenced an action to foreclose her mortgage, naming as defendants William Knaak, Gottlieb Knaak, and Emma Knaak.   Judgment of foreclosure and sale was entered on January 16, 1934, in the sum of $1,817.91.   On May 24, 1934, the defendant George O'Neill recovered a judgment against William Knaak in the sum of $235.04 in the circuit court for Shawano county. On March 15, 1934, William Knaak's residence, which was located on the homestead, was destroyed by fire.   On May 24, 1934, $2,400 was recovered from the insurance carrier, and from the proceeds of the insurance $550 was paid in satisfaction of the judgment of foreclosure and sale of Gottlieb and Emma Knaak.   The plaintiff permitted William Knaak to retain the sum of $613.25 out of the proceeds of the insurance to rebuild a residence on his homestead.   Of the insurance moneys received $1,244.85 was applied on the judgment of foreclosure in favor of Myrtle M. Winter, leaving a

balance due her as of May 24, 1934, in the sum of $607.42. Plaintiff at that time agreed to accept $500 in settlement of the amount due, with interest, if paid within two years from said date. The original judgment was permitted to stand. William Knaak failed to pay the $500 and interest within the two years as agreed, whereupon plaintiff instituted a second foreclosure on the original mortgage. This action was commenced on June 19, 1936. The defendant O'Neill was not made a party. Judgment of foreclosure and sale was entered August 1, 1936, in the sum of $650.60. On this second foreclosure sale the property was sold to Reinhardt and Adeline Knaak for the sum of $742, and the sale was confirmed by the court on October 25, 1937. Defendant O'Neill caused execution to be issued on his judgment in the sum of $235.04, and on an execution sale had on September 3, 1938, O'Neill purchased the property, and on said date received the sheriff's certificate of sale, which certificate provided for the issuance of a sheriff's deed at the expiration of fifteen months from date of sale unless the premises were previously thereto redeemed. Plaintiff was paid the amount due her from the proceeds of the second foreclosure sale.

Subsequent to the second foreclosure and sale, plaintiff's attorney learned of the O'Neill judgment and that he should have been made a party defendant. In this situation plaintiff petitioned the court in her first foreclosure action for an order making O'Neill a party defendant; and that the judgment be amended barring O'Neill from any right, title, or interest in the mortgaged premises *except the right to redeem*. On May 19, 1939, the court entered an order making O'Neill a party defendant and directing an amendment of the summons and complaint accordingly. O'Neill made answer to the amended complaint. On proceedings thereafter had, the court made its findings of fact and conclusions of law, and on December 20, 1939, entered an amended judgment. O'Neill appealed from the amended judgment in the original action.

The case is reported under the title *Winter v. Knaak,* 236 Wis. 367, 294 N. W. 488. The appellants in that action, other than O'Neill, are not parties in the instant action.

In the instant action plaintiff bases her title to the eighty acres in question on a conveyance from Reinhardt and Adeline Knaak, the purchasers at the second foreclosure sale, which sale was confirmed and from which judgment no appeal has been taken. It appears that plaintiff paid Reinhardt and Adeline Knaak the sum of $2,123.07, which amount represents $747.74 the amount of Knaak's bid at the second foreclosure sale, plus $1,375.33 paid to take up delinquent taxes. The court found as a fact that plaintiff at no time denied O'Neill the right to redeem. O'Neill contends that he is not obliged to redeem; that he is the sole and unconditional owner of the eighty acres by virtue of his purchase pursuant to the sale on execution.

Defendant contends that the present action is based upon the same facts and between the same parties as the case of *Winter v. Knaak, supra,* and that that action is *res judicata.* The appeal in that case was from the amended judgment in the first foreclosure. Subsequent to the decision of this court in that action, plaintiff acquired the title on which this action is based from Reinhardt and Adeline Knaak, the purchasers at the second foreclosure sale.

The plaintiff's interest in the property as mortgagee under the second foreclosure and the interest of William Knaak as mortgagor passed to Reinhardt and Adeline Knaak, from whom plaintiff purchased. In *Winter v. Knaak, supra,* the question was whether after foreclosure, sale, and full satisfaction of the mortgage, the mortgagee could revive the first foreclosure action in order to make certain judgment creditors parties and thereby foreclose them. The court held that the mortgage having been fully paid and the mortgage discharged, the mortgagee had no standing to revive the former proceedings.

While many contentions are made and argued by respective counsel, the controlling question on both appeals is the legal effect of the O'Neill judgment and his rights by virtue of said judgment and the execution sale thereunder. In this connection it is necessary to consider the following statement in *Winter v. Knaak, supra* (p. 370) :

"A proper foreclosure proceeding, when confirmed, satisfies the debt and extinguishes the mortgage. [Citing cases.] This affected rights of others, that is, the liens of White and O'Neill, because of the satisfaction of the mortgage debt, came to a position of advantage and one of more value."

As pointed out in the case of *Buchner v. Gether Trust, ante,* p. 148, the above-quoted statement was not necessary to the determination in *Winter v. Knaak, supra.* The quoted statement is *dicta.* In its literal sense it is not correct as shown by the authorities cited in the *Gether Trust Case, supra.*

Failure to make O'Neill a party defendant in the plaintiff's second foreclosure action does not give him any greater rights than he would have had, had he been made a party defendant. This specific question is fully considered and decided in the *Gether Trust Case, supra.* The court there said (p. 151) :

"The only cases bearing upon the point in this state, and all of the authorities outside of the state so far as we can discover, hold that where a senior mortgage has been foreclosed without making the claimant of a subordinate lien a party, the proceedings are not null and void *but leave the holder of the subordinate lien with the same rights that he would have had had he been made party to the foreclosure proceedings. This implies that his rights are not improved, or the rank of his judgment lien advanced. The rights of the subordinate lien claimant duly served with process in the foreclosure of a senior mortgage are to pay the mortgage or to redeem the property.* These rights are unimpaired and unchanged by the defective foreclosure." Citing *Pratt v. Frear,* 13 Wis. *462 ; *Allen v. Case,* 13 Wis. *621 ; *Murphy v. Farwell,* 9 Wis. *102.

The court further said (p. 152) :

"It is generally recognized by the authorities that the purchaser at the foreclosure sale of a senior mortgage, where the holder of a junior incumbrance has inadvertently been omitted as a party, may bring an action in equity to compel the junior claimant to exercise his right of redemption or have his redemption barred."    Citing *Quinn Plumbing Co. v. New Miami Shores Corp.* 100 Fla. 413, 129 So. 690, 73 A. L. R. 600; *McCague v. Eller,* 77 Neb. 531, 110 N. W. 318; annotated, 36 L. R. A. (N. S.) 437; *Leslie v. Smith,* 58 S. D. 14, 234 N. W. 669; *Manhattan State Bank v. Wamego State Bank,* 103 Kan. 865, 176 Pac. 658; *Nelson v. First Nat. Bank,* 199 Iowa, 804, 202 N. W. 847; *Jefferson v. Coleman,* 110 Ind. 515, 11 N. E. 465.

The opinion further points out that if such equitable procedure is followed the court may fix a reasonable period for redemption, and that if the purchaser at the foreclosure sale of a senior mortgage under the circumstances indicated fails to proceed in equity the junior lien claimant may bring an action to redeem provided he does not lose his right by laches. However, in the instant action, the O'Neill judgment creates no lien against the homestead property of William Knaak. Secs. 272.20, 270.79, Stats.    Hence, the right of redemption above mentioned is limited to the nonexempt property.

"A judgment creditor not having a lien on the debtor's homestead cannot redeem it from a mortgage, even though the mortgage also covers other lands."    42 C. J. p. 369, sec. 2121.

That part of the judgment which adjudges that the plaintiff Myrtle M. Winter is the owner in fee simple of the southeast quarter of the northwest quarter, section 6, township 28, range 11 east (the homestead forty), and that defendant, and all persons claiming under him, be forever barred from claiming or asserting any right, title, or interest in said land must be affirmed.    That part of the judgment adjudging that the defendant George O'Neill is the owner in fee simple of the north-

east quarter of the northwest quarter of section 6, township 28, range 11 east, and that the plaintiff be forever barred from asserting or claiming any right, title, or interest therein must be reversed. Title to said last-described forty acres is vested in the plaintiff Myrtle M. Winter subject to defendant's right of redemption. Upon proper proceedings being brought to that end, the trial court may fix a reasonable period for redemption. If any question as to loss of rights by laches is raised in redemption proceedings, such facts should be found by the trial court.

*By the Court.*—That part of the judgment from which defendant appeals is affirmed. That part of the judgment from which plaintiff appeals is reversed, defendant to have the right of redemption as indicated in the opinion. Cause remanded for further proceedings in accordance with the opinion.