BUCHNER and others, Appellants, vs. GETHER TRUST, Respondent.

*September 16—October 13, 1942.*

150

*Walter B. Celichowski* of Milwaukee, for the appellants.

For the respondent there was a brief by *Hammersley, Torke & Kelley* of Milwaukee, and oral argument by *Charles E. Hammersley*.

WICKHEM, J. The facts in this case are not in dispute. On June 20, 1930, Pearl Przybyla mortgaged the property in question to the State Building & Loan Association. On October 27, 1931, the mortgagor sold the premises to John Aschik and Anastasia Aschik, his wife. On February 10, 1932, a judgment was entered in the civil court of Milwaukee county in favor of Gether Trust against John Aschik in the sum of $236.21. The State Building & Loan Association commenced foreclosure on June 28, 1934, making Gether Trust a party but failing to get service upon Gether Trust. Judgment of foreclosure and sale was entered on August 6, 1934, and on February 24, 1936, a sale was had and premises bid in by the mortgagee. The sale was later confirmed and a deficiency judgment of about $3,000 entered. On January 20, 1937, the property was conveyed to plaintiffs by warranty deed.

In brief, it is plaintiffs' position that failure to get proper service upon Gether Trust simply left Gether Trust with the same rights that it would have had had it been properly served, namely, the right to redeem the premises from all liens superior to its lien. The view of defendants, and that sustained by the trial court, was (1) that the foreclosure proceedings had no effect in cutting off defendant's lien; (2) that the foreclosure sale resulted in payment of the judgment and complete destruction of the mortgage as a lien, thereby promoting de-

fendant's lien to a first lien and leaving title to the property in plaintiffs, subject to this lien of defendants. The following statement in the case of *Winter v. Knaak,* 236 Wis. 367, 370, 294 N. W. 488, was the basis of the trial court's conclusion:

"A proper foreclosure proceeding, when confirmed, satisfies the debt and extinguishes the mortgage. [Citing cases.] This affected rights of others, that is, the liens of White and O'Neil, because of the satisfaction of the mortgage debt, came to a position of advantage and one of more value."

To the contention that defendant's sole right was to redeem, defendants reply that sec. 278.09, Stats., supplies the substitute for the bill to redeem which has been abolished. This section provides in substance that at any time after judgment and before sale plaintiff may ask and be granted leave to amend the summons, complaint, and proceedings by including as added parties any person proper or necessary thereto.

While the quotation from the *Winter Case, supra,* affords considerable color for the argument of defendant, we are persuaded from a review of the authorities and a consideration of the principles involved that appellants' contentions must be sustained. The quotation relied upon was not necessary to the determination of the *Winter Case.* There the question was whether after foreclosure, sale, and full satisfaction of the mortgage, the mortgagee could revive an earlier foreclosure action in order to make certain judgment creditors parties and properly foreclose them. It was held that the mortgagee, having been fully paid and the mortgage fully discharged, had no standing to revive the earlier proceedings. The question as to the rights of the judgment creditors in view of the defective foreclosure was not before the court. That question is before the court upon this assignment in the case of *Winter v. O'Neill, post,* p. 280. The only cases bearing upon the point in this state, and all of the authorities outside of the state so far as

we can discover, hold that where a senior mortgage has been foreclosed without making the claimant of a subordinate lien a party, the proceedings are not null and void but leave the holder of the subordinate lien with the same rights that he would have had, had he been made party to the foreclosure proceedings. This implies that his rights are not improved, or the rank of his judgment lien advanced. The rights of the subordinate lien claimant duly served with process in the foreclosure of a senior mortgage are to pay the mortgage or to redeem the property. These rights are unimpaired and unchanged by the defective foreclosure. See *Pratt v. Frear,* 13 Wis. *462; *Allen v. Case,* 13 Wis. *621; *Murphy v. Farwell,* 9 Wis. *102. Nor is the purchaser at the foreclosure sale or his successor in interest without remedy. It is generally recognized by the authorities that the purchaser at the foreclosure sale of a senior mortgage, where the holder of a junior incumbrance has inadvertently been omitted as a party, may bring an action in equity to compel the junior claimant to exercise his right of redemption or have his redemption barred. *Quinn Plumbing Co. v. New Miami Shores Corp.* 100 Fla. 413, 129 So. 690, 73 A. L. R. 600; *McCague v. Eller,* 77 Neb. 531, 110 N. W. 318; Annotation, 36 L. R. A. (N. S.) 437; *Leslie v. Smith,* 58 S. D. 14, 234 N. W. 669; *Manhattan State Bank v. Wamego State Bank,* 103 Kan. 865, 176 Pac. 658; *Nelson v. First Nat. Bank,* 199 Iowa, 804, 202 N. W. 847; *Jefferson v. Coleman,* 110 Ind. 515, 11 N. E. 465. Upon such a suit the court may fix a reasonable period for redemption. If no such action is brought, the junior lien claimant may bring an action to redeem provided he does not lose his rights by laches. Except for the *dictum* in the *Winter Case, supra,* we discover no case holding that the rights of the junior claimant are improved or increased by the defect in the foreclosure proceedings. In accordance with quite elementary principles of justice, his position is preserved and equity will not permit that he suffer any disadvantage from the failure to include

him as a party. It would be utterly unfair to do more than this. The present case illustrates this. The premises here were sold under conditions which resulted in a deficiency judgment of almost $3,000. The strong likelihood is that had Gether Trust been made a party, it would not have considered it provident to exercise any of the rights of a junior incumbrancer because the value of the property was not enough even to meet the first mortgage. To transmute Gether Trust's lien into a first lien against this property would be to reward it out of all proportion to any equities possessed by it and to penalize the purchaser upon the foreclosure sale and its successors out of all proportion to the culpability involved in neglecting to make proper service upon Gether Trust.

Defendant contends that the bill to redeem has been abolished but we are not sufficiently impressed with the materiality of that contention to deal with it at length. Changes in the form of remedies do not affect substantive rights. It does not matter what label is put upon the attempt, whether by the purchaser at foreclosure sale or the holder of a junior lien, to arouse the conscience of a court of equity. Under the code, the facts are stated, and if in a substantive sense equitable rights are disclosed the court will give such remedies as are appropriate to those rights. It is enough to say that the purchaser may remove the cloud upon his title by compelling an exercise or abandonment of the right of redemption by the junior lien claimant, and that the junior lien claimant may assert and ask enforcement of his right to redeem.

The contention that sec. 278.09, Stats., heretofore referred to, is a statutory substitute for a bill to redeem cannot be sustained. This is simply an ordinary and usual section designed to avoid the fact situation upon which this case is based. If the section has any significance it is that having failed to take advantage of the statute and having entered a defective foreclosure judgment, the statutory scheme of foreclosure is completely exhausted and any remedies that any of the parties

may have thereafter must have their source in a court of equity grounded in part at least upon the inadequacy of any legal or statutory forms of relief.

It is finally contended that plaintiff is guilty of laches but we think this contention cannot be sustained. Assuming, as is probably correct, that the purchaser on the foreclosure sale may by laches lose his right to bring an action to compel the junior lien claimant to redeem, we discover nothing in this case upon which the charge of laches could be supported. In such cases as this the doctrine of laches must be cautiously dealt with in view of the fact that either party may move, and that it will not generally, or even frequently, lie in the mouth of one of the parties to complain that the other has not taken appropriate action, when he himself has taken none. The lien claimant here could bring an equitable action to redeem in which the court would fix a reasonable period for redemption. The purchaser at a foreclosure sale, or his successor, could bring an action to compel him to redeem or relinquish his claim. Under these circumstances, it is evident that a charge of laches will generally be difficult to establish, and in this case, we conclude that it has not been established.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion. Because of the violation of Rule 44, appellants shall not tax costs for printing their brief or appendix.