453 P.2d 376 (1969)
80 N.M. 205
SPRINGER CORPORATION, also known as Springer Transfer Company, a New Mexico corporation, Plaintiff-Appellant, and Cross-Appellee,
v.
KIRKEBY-NATUS, United Venturers, Inc., First National Bank in Albuquerque, as Trustee, and Federated Mortgage Investors, Inc., a Trust, Defendants-Appellees, and Cross-Appellants.
No. 8600.
Supreme Court of New Mexico.
April 21, 1969.
*378 Keleher & McLeod, T.B. Keleher, Russell Moore, Albuquerque, for appellant and cross-appellee.
Nordhaus & Moses, Thomas J. Dunn, Albuquerque, for appellees and cross-appellants.

OPINION
NOBLE, Chief Justice.
Kirkeby-Natus (hereafter termed Kirkeby) foreclosed its first mortgage covering 403 acres of lands securing an indebtedness of $521,458.11, bidding in the land for $323,625.00, and obtained a deficiency judgment for $197,833.11. Springer Corporation (hereafter termed Springer) held a second mortgage on 94.96 acres of the land mortgaged to Kirkeby, securing an indebtedness of $77,800.00. By reason of an abstractor's error, Springer was not made a party to the Kirkeby foreclosure. Springer then brought this action to foreclose its second mortgage. Kirkeby, in this suit, by counterclaim, was granted foreclosure of its first mortgage against Springer. Springer was held entitled to redeem from the Kirkeby foreclosure, within nine months after the date of the judgment in this case, but only upon payment of the full amount paid by Kirkeby for the entire 403 acres bought at the foreclosure sale$323,625.00, plus $13,041.07, being the unpaid balance of the deficiency judgment. Springer has appealed. The cross-complainants have likewise appealed.
The trial court found that Kirkeby had received a credit of $184,792.04 on its deficiency judgment, leaving a balance of $13,041.07. Springer appears to contend that a greater credit should have been allowed but Findings 24 and 25, so determining, have not been attacked as being unsupported by the evidence and, accordingly, are binding on this court on appeal. Cooper v. Bank of New Mexico, 77 N.M. 398, 423 P.2d 431; Baca v. Gutierrez, 77 N.M. 428, 423 P.2d 617. Also, it is clear that the findings are amply supported by the proof.
It is settled in this jurisdiction that the rights of one who is not a party to a mortgage foreclosure action are not affected by any judgment rendered therein nor by a foreclosure sale pursuant thereto. Conway v. San Miguel County Board of Education, 59 N.M. 242, 282 P.2d 719; Mann v. Whitely, 36 N.M. 1, 6 P.2d 468. See also Annot., 134 A.L.R. 1490, 1492. Thus, the failure to join Springer, a junior lien holder, left its rights, including its equity of redemption, unaffected and unimpaired.
The fact that Springer was not a party to the Kirkeby foreclosure, however, does not deprive Kirkeby of the benefit of its judgment against those parties who were before the court in its foreclosure action. Mann v. Whitely, supra. The counterclaim in the instant case constituted a separate and independent action to foreclose the Kirkeby mortgage against the Springer rights. Kirkeby, relying on §§ 24-2-19 and 24-2-19.1, N.M.S.A.1953, argues that Springer was only entitled to redeem within nine months from the date of sale held pursuant to the Kirkeby foreclosure.
It is clear to us that since Springer's rights, including its right of redemption, were not impaired or affected by the original Kirkeby foreclosure to which Springer was not a party, its right of redemption only accrues upon the entry of a judgment foreclosing its rights in a seprate and independent action, or the judgment on the counterclaim in the instant case. John Hancock Mut. Life Ins. Co. v. Mays, 152 Kan. 46, 102 P.2d 984.
*379 Relying on Green v. Dixon, 9 Wis. 532 (1859); 2 Wiltsie on Mortgage Foreclosure (4th Ed.) § 1071; and 2 Jones on Mortgages (8th Ed.) § 1375, Springer argues that because it was not made a party to the Kirkeby senior mortgage foreclosure proceeding, and because Springer's junior mortgage only covers some 95 acres out of the 403 acres securing the senior mortgage, it should be permitted to redeem from the Kirkeby sale pro tanto by paying only the pro rata part of the amount for which the property sold at the Kirkeby sale. We cannot agree.
This question is one of first impression in New Mexico and appears to have been resolved by relatively few courts of other jurisdictions. It is a general rule that a mortgage is an entire thing, and must be redeemed in its entirety, and that a mortgagee cannot be required to divide either his debt or his security. 2 Jones on Mortgages (8th Ed.) § 1372; Annot., 134 A.L.R. 1490, 1511. An exception pointed out by the author, supra, at § 1375, indicating that where an owner of the land has not been made a party to the foreclosure of the senior mortgage, and the senior mortgagee is the purchaser at the sale, the owner not made a party may redeem pro tanto upon the theory that the senior mortgagee, by such purchase, voluntarily severed his right and obtained an indefeasible title to part of the land and a defeasible title to another part, affords some color for the Springer argument. See also 2 Wiltsie on Mortgage Foreclosure (4th Ed.) § 1071; Monese v. Struve, 155 Or. 68, 62 P.2d 822. Our research discloses that the statement in Wiltsie has support only in Green v. Dixon, supra. 2 Jones on Mortgages, § 1375, states a similar exception, relying only on Green v. Dixon, supra, and Wilson v. Tarter, 22 Or. 504, 30 P. 499. The basis of these decisions and the exceptions stated in Wiltsie and Jones is criticized by the author in 2 Glenn on Mortgages (1943) § 299.1, who says the rule is objectionable because of a false premise, that is, it assumes that the senior mortgagee in his second independent action to require the junior lien holder to elect whether to redeem, is asking a favor of equity, and thus can be forced to accept a partial redemption as the price of equity. Glenn argues that, in fact, the senior mortgagee is not asking a favor, and that partial redemption should not be allowed merely because the junior encumbrancer happened to be omitted as a party in the first foreclosure. The exception to the general rule is likewise criticized in a note, 50 Harvard L.Rev. 990. See 25 Ill.L.Rev. 720. 2 Glenn on Mortgages, supra, at 1257, points out that the real relief of a partial encumbrancer lies in invoking the rule of marshalling by which the junior encumbrancer may require a senior mortgagee to exhaust his remedy against property other than that covered by the partial mortgage of the junior encumbrancer. That doctrine was applied in Hinners v. Birkevaag, 113 N.J. Eq. 413, 167 A. 209, at the instance of an omitted junior mortgagee, who established the relative values of the respective tracts in the subsequent independent action.
The Wisconsin Supreme Court, in Buchner v. Gether Trust, 241 Wis. 148, 5 N.W. 2d 806, without reference to its earlier decision in Green v. Dixon, supra, appears to have rejected the reasoning of the earlier case. In Buchner, the court expressly said that the rights of a junior encumbrancer not made a party to the foreclosure of the senior mortgage are "unimpaired and unchanged by the defective foreclosure." The court further said:
"* * * Except for the dictum in the Winter case, [Winter v. O'Neill, 241 Wis. 280, 5 N.W.2d 809] we discover no case holding that the rights of the junior claimant are improved or increased by the defect in the foreclosure proceedings. In accordance with quite elementary principles of justice, his position is preserved and equity will not permit that he suffer any disadvantage from the failure to include him as a party. It would be utterly unfair to do more than this. * * *"
The Supreme Court of Florida, in Quinn Plumbing Co. v. New Miami Shores Corp., *380 100 Fla. 413, 129 So. 690, 73 A.L.R. 600, discussed Green v. Dixon, supra, and specifically rejected the reasoning by which a junior encumbrancer, who was not a party to the foreclosure of the senior mortgage, is permitted to redeem pro tanto from the senior mortgage. In Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 So. 599, 610, Am.Ann.Cas. 1914A, 173, the Florida court said of the holder of a junior mortgage covering only a portion of the land held as security for a senior mortgage:
"* * * Their portions of said land, as well as all the residue of said mortgaged tract, are bound for the payment of the whole of both mortgages; and the courts have no power to release any part of the land from the lien of the mortgages by affixing thereto a sum, less than the entire sum of the mortgages, which, when paid, shall release such part from the lien of the mortgages. * *"
The only absolute right of a junior mortgagee, as against a senior mortgagee, is the right to redeem from the senior mortgagee. 3 Jones on Mortgages (8th Ed.) § 1781. The rights of an omitted junior encumbrancer remain precisely as they were before the proceedings were instituted to foreclose the first mortgage. They are neither enlarged nor diminished by the defective foreclosure. McGough v. Sweetzer, 97 Ala. 361, 12 So. 162, 19 L.R.A. 470.
The judgment appealed from must be reversed, however, and the cause remanded because the judgment provided that Springer should have a period of nine months from the date of the entry of the judgment in the instant case within which to redeem the property from the mortgage foreclosure sale in Cause No. A-12537 on the docket of the district court of Bernalillo County. Section 24-2-18, N.M.S.A. 1953, provides that no property shall be sold under a mortgage foreclosure proceeding until sixty days after the date of the entry of the foreclosure judgment. Section 24-2-19, N.M.S.A.1953, gives a person entitled to redemption nine months from the date of such foreclosure sale within which to redeem therefrom. Construing the two statutory provisions together, as we must, it is apparent that a person entitled to redeem is thus given at least eleven months from the date of the foreclosure judgment within which to redeem. We have said that because Springer was not a party to the first foreclosure action, it will not be permitted to suffer any disadvantage from the failure to include it as a party. It is apparent that the judgment in the instant case shortened Springer's period of redemption by sixty days. This was error.
What we have said makes it unnecessary to discuss other questions argued or briefed. It follows that the judgment appealed from should be affirmed in all respects except that the judgment must be vacated and a new judgment entered granting Springer eleven months from the date of such judgment within which to redeem from the Kirkeby foreclosure sale.
It is so ordered.
MOISE and TACKETT, JJ., concur.