ESTATE OF PETIT: PETIT, Respondent, vs. THE STATE, Appellant.

*January 12—February 17, 1948.*

For the appellant there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *James T. Guy* of counsel, all of Milwaukee, and oral argument by *Mr. Guy.*

FRITZ, J.   The judgment under review was based on the county court's determination that the interest of Clement M. Petit, who died a resident of California, in certain property in the city of Milwaukee, which was held in trust for him as the beneficiary under a trust created by him, was personal property; and was therefore, in view of the reciprocity provisions of sec. 72.01 (9), Wis. Stats., not subject to Wisconsin inheritance taxes.   The state contends that under the agreements creating the trust and the trustee's declarations of the trust in relation thereto, the deceased beneficiary's interest in the property in question was real property located in this state, and as such was subject to Wisconsin inheritance taxes.

The facts material on this appeal are as follows. In December, 1927, L. J. Petit, as vendor, conveyed certain real estate located at 1742 North Prospect avenue in Milwaukee, Wisconsin, to George and Orlo Adams, as the vendees, and they executed and delivered to L. J. Petit a mortgage-type trust deed to secure nineteen negotiable notes for sums aggregating $202,000, and some accrued interest. Under the terms of the trust deed, upon L. J. Petit's transfer of any notes secured thereby, he was to hold the trust deed as trustee for the benefit of all noteholders. On August 24, 1932, Clement M. Petit, having acquired some of the Adams' notes aggregating $100,800, set up, as the donor in a trust agreement, a trust with the First Wisconsin Trust Company (hereinafter called "Trust Company") at Milwaukee, Wisconsin, as the trustee, of certain of the donor's securities, including the Adams' notes acquired by him, which were secured by the trust deed. In that agreement Clement M. Petit provided that the income from the trust assets should be distributed monthly to him; that the trust terminated upon his death and the assets should be distributed then to his executors or administrators; but that he had the power to revoke the trust at any time, and also the right to add to the trust assets such further securities as he desired.

L. J. Petit died December 2, 1932, and on June 5, 1933, the Trust Company was appointed successor trustee-mortgagee under said trust deed; and subsequently upon default in payment of the Adams' notes it brought proceedings for the foreclosure of the trust deed. Those proceedings culminated in a foreclosure judgment and sale, and a sheriff's deed dated March 11, 1936, conveying to the Trust Company the real estate described in said trust deed. On April 24, 1936, the Trust Company executed a declaration in which, after reciting the conveyance to it of said real estate, it stated that,—

"First Wisconsin Trust Company holds and stands seized of an undivided 1946/3250 interest of said premises in trust

for: I–5034 First Wisconsin Trust Company, trustee under agreement with Clement M. Petit" (which was the above-stated trust set up by him in his trust agreement on August 24, 1932).

Likewise, on June 17, 1937, and again on May 12, 1938, the Trust Company executed a declaration of trust to the same effect in relation to, respectively, first a 180/3250 interest, and next $\frac{1}{3}$ of an undivided 35/3250 interest in that same real estate. These were additional interests therein, which had been acquired by Clement M. Petit.

On May 28, 1940, he, as donor, entered into a second trust agreement with the Trust Company, in which it was provided that Clement M. Petit as—

"donor for value received, gives, delivers, assigns, transfers and sets over to the trustee in trust for the uses and purposes hereinafter prescribed:
An undivided $2137\frac{2}{3}/3250$ interest [which is the total of all of his interests involved in said Trust Company's three prior declarations] in trust of real estate located at 1742 North Prospect avenue, Milwaukee, Wisconsin."

This second trust agreement provided for monthly distribution by the Trust Company of the net income of the trust assets to Clement M. Petit during his life; and that this trust terminated upon his death, and that then the trust assets should be distributed to his wife, Evelyn T. Petit, if living, and if not, then to his executors or administrators. However, this trust agreement expressly reserves to Clement M. Petit the power to revoke, amend, or modify the trust, and to add to the trust additional assets and securities; and the retention, sale, disposition, investment and reinvestment of the trust assets is specifically provided to be "exclusively directed by the donor" as long as he lives and retains physical and mental ability, and that he can by written instrument relinquish this control to the trustee, revoke the delegation and reinvest it in himself, or delegate the same to some other person.

On May 29, 1940, the Trust Company executed a declaration that it held in trust for Clement M. Petit an undivided 6413/9750 interest (which is the equivalent of his total 2137⅔/3250 interest in the real estate in question which the Trust Company had declared in its aforesaid declarations, dated April 24, 1936, June 17, 1937, and May 12, 1938, respectively, that it held in trust for him under said second trust created by him on May 28, 1940). In the Trust Company's declaration of May 29, 1940, there is the express statement that it "is supplemental to and supersedes" the prior declarations of April 24, 1936, June 17, 1937, and May 12, 1938.

Under this declaration of May 29, 1940, the Trust Company continued to hold Clement M. Petit's said interests in real estate in trust for him until he died on January 16, 1944, a resident of California; and under his will, which was admitted to probate there, his wife, Evelyn T. Petit, is his sole legatee. When he died there was in effect in California a reciprocity statute exempting intangible personal property of nonresidents from California inheritance taxes. Consequently, under the reciprocity provisions of sec. 72.01 (9), Wis. Stats. 1943, if when he died his interest in the property in question was personalty and therefore intangible personal property, it was not subject to Wisconsin inheritance taxes.

Under the above-stated facts, at the time of Clement M. Petit's death in 1944, his undivided 6413/9750 interest in the Milwaukee real estate, which was then held in trust for him by the Trust Company under his trust agreement of May 28, 1940, and its declaration of trust dated May 29, 1940, constituted real property located in Wisconsin, and as such was subject to Wisconsin inheritance taxes upon his death. It is true that when, prior to the foreclosure of the mortgage-type trust deed on that real estate, Clement M. Petit's father and subsequently the Trust Company, as his successor, was the trustee for the holders of notes secured by the trust deed, and

likewise when the first trust was created by Clement M. Petit's agreement of August 24, 1932, the Trust Company was appointed by him as his trustee to hold in trust for him certain of his securities, including notes aggregating $100,800, which were secured by that trust deed, then the securities constituting the corpus of that trust and his interest therein as *cestui que trust* were personal property. But after that trust deed was foreclosed by the proceedings commenced in 1933, which culminated in the foreclosure sale and the issuance of a sheriff's deed, dated March 11, 1936, conveying said real estate to the Trust Company, by the confirmation of the foreclosure proceedings, and said sale and conveyance of the real estate to the Trust Company, there was thereby entirely satisfied and extinguished all of the indebtedness on the notes secured by the trust deed. *Winter v. Knaak,* 236 Wis. 367, 370, 294 N. W. 488. And in the indebtedness thus extinguished there were included the notes aggregating $100,800, which had been part of the personal property of Clement M. Petit, that was held in trust for him by the Trust Company under his trust agreement of August 24, 1932. However, in lieu of the notes, which had been thus held in trust for Clement M. Petit, the Trust Company executed its declaration of trust dated April 24, 1936, in which, in connection with the description of the real estate conveyed to it by the sheriff's deed of March 11, 1936, it was provided that—

"First Wisconsin Trust Company holds and stands seized of an undivided 1946/3250 interest of said premises in trust for : I–5034 First Wisconsin Trust Company, Trustee under agreement with Clement M. Petit" (which was the trust set up by him August 24, 1932).

And in all of the aforesaid instruments thereafter executed, viz.: (1) The Trust Company's declarations of trust executed and dated June 17, 1937, and May 12, 1938, respectively; and (2) Clement M. Petit's trust agreement of May 28, 1940,

transferring, as donor, an additional fractional interest in said real estate to the Trust Company to hold in trust for him, and (3) the Trust Company's declaration of May 29, 1940, in which it again acknowledged and declared, in connection with describing said real estate, that it holds his fractional interests in trust for him, the corpus of said trust is stated to be his undivided interests in that real estate. Consequently, from and under the provisions to the above-stated effect in all of those instruments, it is clearly evident that Clement M. Petit, as the donor, and likewise the Trust Company, as the trustee, considered his fractional interests in the real estate described therein, which constituted the corpus of said trust, to be, as they were in fact and law, interests in the "real estate located at 1742 North Prospect avenue, Milwaukee, Wisconsin."

The nature and extent of Petit's interest as *cestui que trust* in that real estate, must and can be determined from the provisions in said trust agreement and declaration of trust; and, under and by virtue thereof, it appears definitely that he had, and the Trust Company held in trust for him, said undivided 2137⅔/3250 interest in said real estate, and that, moreover, there was not imposed upon the Trust Company any duty to sell the interests of the *cestui que trust* in that real estate. On the contrary, it is specifically provided in Petit's trust agreement dated May 28, 1940, that the retention, sale, disposition, investment, etc., of the trust assets shall be "exclusively directed by the donor," as long as he lived and retained physical and mental ability. Consequently, there clearly was not intended to be any equitable conversion of Petit's interest in said real estate held in trust into personal property. Restatement, 1 Trusts, p. 332 *et seq.*, sec. 131. As stated in comments *c* and *e* to that section:

"*c.* . . . The rules stated in this section are not applicable if the trustee has not a duty to convert but merely has a power which he may exercise in his discretion."

"*e.* . . . The rules stated in this section are not applicable if a duty to convert is not imposed by the terms of the trust in specific words or by implication."

Consequently, there is applicable herein the rule that,—

"if the trust property is real property, the interest of the beneficiary is real property unless the interest of the beneficiary is so limited in duration that if it were a legal interest it would be personal property." Restatement, 1 Trusts, p. 331, sec. 130 (b).

To the same effect see *Estate of Hustad,* 236 Wis. 615, 296 N. W. 74; Nossaman, Trust Administration and Taxation, p. 308, sec. 330; 18 C. J. S., Conversion, p. 51, sec. 11.

Because of the nature and extent of Petit's interest in said real estate, as *cestui que trust,* under the provisions in the trust agreement of May 28, 1940, and the Trust Company's declarations of trust, there is applicable thereto the rule that,—

"Where the trust property is real property and the interest of the beneficiary is an interest in fee, his interest descends as real property." 1 Scott, Law of Trusts, p. 691, sec. 130.01.

See also Bogert, Trusts and Trustees, pp. 5, 6, par. 183 (b). And as it is clearly evident under the provisions in said trust agreement and declarations of trust that the beneficiary's interest thereunder is real property, *Slaughter v. Bernards,* 97 Wis. 184, 72 N. W. 977, *Estate of Stephenson,* 171 Wis. 452, 177 N. W. 579, *Newlander v. Riverview Realty Co.* 238 Wis. 211, 298 N. W. 603, and *Welch v. Welch,* 235 Wis. 282, 290 N. W. 758, 293 N. W. 150, which are cited by respondent, are not in point.

It follows that, as Clement M. Petit's interest is not personal property, sec. 72.01 (9), Wis. Stats., was not applicable thereto, and the inheritance thereof by his wife is subject to an inheritance tax due to the state of Wisconsin.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with the opinion.